**COMMISSIONER OF INTERNAL REVE-
NUE v. GLOS (GLOSS).**

No. 7671.

Circuit Court of Appeals, Seventh Circuit.

Nov. 14, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Bureau of Internal Revenue, and Hubert L. Will, both of Washington, D. C., for petitioner.

Louis B. Montfort, of Washington, D. C., for respondent.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner seeks to reverse a decision of the Board of Tax Appeals that certain interests in property included in a gift were present in point of time and not future.

In 1935 the taxpayer executed irrevocable trust settlements under which she transferred by gift, property to be administered in accord with the provisions of the instruments. The trustee was directed to collect and accumulate the income until the grantor's death, then to liquidate the estate as rapidly as his discretion should dictate, but within five years, and finally to distribute the proceeds to thirteen individual beneficiaries and four churches in certain specified proportions. The beneficiaries had no power to transfer or assign any part of the estate before distribution and the share of any donee who should die before the grantor was to be delivered to his heirs or to persons designated by him in his last will and testament. The Board held the gift to each beneficiary one of present interest in property, and therefore, subject to an exemption of $5,000, as provided by Section 504(b) of the Revenue Act of 1932. Petitioner insists that the Board erred in refusing to hold that the interests were future in character.

The Revenue Act of 1932, § 501, Title 26 U.S.C.A. Int.Rev.Acts, page 580, imposes a tax upon all transfers of all property by way of gift. Section 504, U.S. C.A. Title 26, Int.Rev.Acts, page 585, exempts from taxation the first $5,000 of any present interest given to any person but denies any exemption as to gifts of future interests. Treasury Regulations 79 (1933 Ed.) Art. 11, defines the latter term as any interest in property, whether vested or contingent, limited to commence in possession or enjoyment at a future date. In United States v. Pelzer, 312 U.S. 399 at 403, 61 S. Ct. 659, 661, 85 L.Ed. 913, Mr. Justice Stone, discussing the term, referred to the report of the committee recommending the legislation, wherein it was said that "future interest" as used in the act contemplated any interest, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The Justice, having pointed out that the regulation includes a definition of substantially the same import, said: "Here the beneficiaries had no right to the present enjoyment of the corpus or of the income and unless they survive the ten-year period they will never receive any part of either. The 'use, possession or enjoyment' of each donee is thus postponed to the happening of a future uncertain event. The gift thus involved the difficulties of determining the 'number of eventual donees and the value of their respective gifts' which it was the purpose of the statute to avoid." That case differed from this one only in that here there is no uncertainty that any named beneficiary will ever receive any part of the trust. But the language of the court included not only future interests so limited, but all interests in property where the use, possession or enjoyment of the donee is postponed until the happening of a future uncertain event. Following this decision, in Welch v. Paine, 1 Cir., 120 F.2d 141, the court, dealing with trusts differing in no essentials from those presented by the present record, held interests given to the donees future in character within the statutory intent as expressed in the regulation. In the present case, as in the case last cited, the trustee is to accumulate the income until the grantor's death, at which time he is to liquidate the trust estate and distribute the proceeds to the donee beneficiaries. If any of the latter predeceases the grantor then the share of

the one so dying is to be paid to the latter's heirs or those designated in his will. It follows that until the death of the taxpayer the beneficiaries can receive neither income nor corpus of the trust property, can enjoy no benefit directly or indirectly. The donor has expressly provided that they shall have no right to assign or transfer any interest. Clearly the beneficiaries have an interest or estate in property either vested or contingent, which is limited to commence in use, possession or enjoyment at some future date. Such an interest, the Supreme Court has said, was intended by Congress to be included in the term "future interests" and, said the Court of Appeals, arises whenever any part of the enjoyment of the interest is postponed until an uncertain date.

We are not concerned with any nice distinction between contingent and vested remainders, for Congress has included all future interests. The sole statutory distinction between present and future interests lies in the question of whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present. This is within the recognized significance of the term "future interest." 1 Simes on Law of Future Interests, § 1, pages 2 and 3; Sections 153, 166 and 169 American Law Institute Restatement of Property; Welch v. Paine, 1 Cir., 120 F. 2d 141; Commissioner v. Taylor, 3 Cir., 122 F.2d 714, August 22, 1941; Hopkins v. Magruder, 4 Cir., 122 F.2d 693, September 10, 1941.

Respondent directs our attention to the fact that in the legislative committee reports it was indicated that exemptions were limited to gifts of present interests because at times it is impossible to determine the value of gifts of future interests. True, this was one reason suggested for denying the exemption, but Congress did not limit the term to any specified category of future interests. It included all. As the court said in Welch v. Paine, 1 Cir., 120 F. 2d 141, 142: "It seems clear that the denial of the $5,000 exclusion is broader than the cases in which there might be the 'apprehended difficulty' of determining the number of eventual donees and the value of their respective gifts; for it cannot be doubted that a vested and indefeasible legal remainder after a life estate is a 'future interest.'"

Petitioner mentions a further point as relied upon, namely, that the Board erred in finding overpayment of the taxpayer's gift tax for the year 1935, but it has not been argued except as it is incidently involved in what we have said. We assume that the item was rightly deducted by the Board and should be taken into account in calculation of the deficiency resulting from the conclusion that there is no exemption from tax as to gifts to any of the beneficiaries.

The decision will be reversed with directions to proceed in accord with the announcements herein contained.