**COMMISSIONER OF INTERNAL REVENUE v. LOWDEN.**

**No. 7925.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1942.

J. P. Wenchel, Bureau of Internal Revenue, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Michael H. Cardozo, IV, Sp. Assts. to the Atty. Gen., for petitioner.

Brode B. Davis and Arthur M. Kracke, both of Chicago, Ill., for respondent.

Before EVANS, MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner seeks reversal of a decision of the Board of Tax Appeals that donations of respondent in trust were not gifts of future interests, but were of present vested character and therefore subject to the limited taxable exemption provided by Section 504 (b) of the Revenue Act of 1932, 26 U.S. C.A. Int.Rev.Acts, page 585, reading: "In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

Respondent created an irrevocable trust wherein he directed the trustee to pay annually certain definite parts of the income to each of settlor's four sisters and the balance in equal shares to his children "then living," or their descendants per stirpes. The present value of each gift to the children and to three of the sisters exceeded $5,000; while that of the other sister's was $2,948.-78.

Petitioner insists that each child's interest is future for the reason that the proportionate income to be paid each annually is dependent upon the amounts to be distributed to the sisters first, and thus is uncertain, since the number of sisters who will survive at any particular date is not known.

■ "Future interests in property" include any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. H. Rep. No. 708, 72nd Cong., 1st Sess., p. 29; S.Rep. No. 665, 72nd Cong., 1st Sess., p. 41; Art. XI, Treas. Reg. 79, 1939 and 1936 ed.; United States v. Pelzer, 312 U. S. 399, 403, 61 S.Ct. 659, 85 L.Ed. 913; Commissioner v. Glos, 7 Cir., 123 F.2d 548, 549. As we said in Commissioner v. Glos, supra, 123 F.2d at page 550: "The sole statutory distinction between present and future interests lies in the question of whether there is postponement of enjoy-

ment of specific rights, powers or privileges which would be forthwith existent if the interest were present."

■ Did each donee receive a specific right to use and enjoy a definitely ascertainable portion of the income? And if so, was such right immediate? The donees were named and determined and each was to have an absolute right to his share. No discretion was reserved to the trustee or any one else to withhold any part thereof: Commissioner v. Gardner, 7 Cir., 127 F.2d 929. No possible contingency could prevent any beneficiary from receiving and enjoying his aliquot part. Commissioner v. Brandegee, 1 Cir., 123 F.2d 58. From the time of creation of the trust, each had the right to receive and enjoy his proportionate share. True, the distribution was to be made annually, and until the end of the year the donees would not receive payment. But the purpose of paying annually was not to postpone vesting and enjoyment of income until a future date, but to provide a convenient distributive procedure. The number and variety of securities constituting the rem made it virtually impossible to effectuate proper distribution at different or more frequent dates. Such is not futurity of enjoyment such as we meet in United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, where enjoyment was postponed for a period of 10 years.

■ Until the year is ended, there is no way of ascertaining accurately just how much each beneficiary will receive. But if mere inability to forecast definitely the actual income from investments were the sole criterion of whether an interest is future, all present gifts of income accruing in the future could be classified as nothing other than future even though the right of enjoyment is immediate. Rents, dividends, indeed, practically all kinds of income are subject to lapse, change and fluctuation. To constitute a future interest mere uncertainty of amount must be co-existent with restriction upon or postponement of immediate use and enjoyment. Commissioner v. Gardner, 7 Cir., 127 F.2d 929; Commissioner v. Brandegee, 1 Cir., 123 F.2d 58; Commissioner v. Glos, supra. Such is not the case here.

The decision is affirmed.