### SENSENBRENNER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8097.

Circuit Court of Appeals, Seventh Circuit.
April 8, 1943.

---

Louis Quarles and Maxwell H. Herriott, both of Milwaukee, Wis., for petitioner.

Samuel O. Clark, Jr., Sewell Key, Samuel H. Levy, Arthur Manella, and Edward First, Asst. Attys. Gen., and J. P. Wenchel and John W. Smith, Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

This petition to review a decision of the United States Tax Court presents a new phase of the question of the taxability under § 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 1003(b), relating to gift taxes, of gifts in trust, the income of which is immediately payable to certain named beneficiaries, but the corpus of which is not to be delivered to them until termination of the trust. The Tax Court held that each gift, with respect to the income therefrom, was a gift of a present interest, and as to the principal, a future interest, within the meaning of the section referred to.

In 1930, the taxpayer entered into seven trust agreements for the benefit of the seven grandchildren named therein. Each provided that the trustee should pay the entire net income derived from the trust fund in quarterly instalments or oftener, to or for the use of the grandchild named therein, during a certain number of years (from eight to twenty) after the date of the agreement, after which the principal should be paid to the grandchild; but that if the named beneficiary should die before receiving distribution of the fund, the trustee should divide the then principal into as many equal separate trusts as there were children of said grandchild then living, and should thereafter hold one such separate trust for each of said children, paying the entire net income therefrom to or for the use of said child of said grandchild until he should reach the age of twenty-six years, after which the trustee should pay over to him the principal of the separate trust. Similar provision was made in the case of the death of any child of a deceased grandchild. Provision was also made for the distribution of any portion of the fund remaining undistributed in accordance with the foregoing provisions. It thus appears that the entire net income of each trust was immediately payable to or for the use of the beneficiary named therein, and that the corpus thereof was to be delivered to him if he were living when the trust terminated.

In June 1937, the taxpayer made a gift of property of the value of $5,075 to each trust. In his gift tax return for the year he claimed a $5,000 exclusion for each such gift. The Commissioner disallowed all the exclusions as claimed, but did allow one of $195.19 on the gift to the trust of the oldest grandchild, the principal of which was payable in November, 1938. This exclusion was computed on the basis of the annuity factor for one year, and was allowed on the theory that the beneficiary was then of age and entitled to receive the income himself, whereas the other beneficiaries were minors, and payments to them depended upon the exercise of discretion vested in another.

§ 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Code, § 1003(b), provides: "In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." Article XI of Treasury Regulations 79 (1936 Ed.) defines future interests as including "reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are *limited to commence in use, possession, or enjoyment at some future date or time. * * *"* (Our italics).

The taxpayer contends that he is entitled to the full $5,000 exclusion as to each trust, without distinction between corpus and income. Without challenging the holding of the Tax Court that each gift as to the income therefrom was a gift of a present interest, the Commissioner maintains that the gifts of trust corpus were gifts of future interests and that no exclusions were allowable with respect to them. His position is supported by the case, Fisher v. Commissioner, 132 F.2d 383, where, under practically identical facts, the Court of Appeals for the Ninth Circuit affirmed a decision of the Tax Court similar to the one now before us, basing its decision in part on two decisions of the Supreme Court, Helvering

v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 86 L.Ed. 909, and United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913.

The Commissioner has heretofore attempted to have it determined that, in the case of a gift in trust, even *income,* with the exception of that required by the terms of the trust agreement to be paid within the year of the gift, is to be considered a future interest, not entitled to the exclusion provided in § 504(b). Such a contention was made before and rejected by the Tax Court in this case. The Commissioner has not asked for review of this ruling, but concedes here that each gift, with respect to income, was a gift of a present interest. This ruling is in accord with two decisions of this court, Commissioner v. Gardner, 7 Cir., 127 F.2d 929; Commissioner v. Lowden, 7 Cir., 131 F.2d 127. See also Commissioner v. Brandegee, 6 Cir., 123 F.2d 58. We find no decision contra, where the beneficiary was given an immediate and absolute right to income from the trust fund. In these cases there was no attempt to differentiate between the income and the corpus of the gifts involved, inasmuch as the Commissioner sought to have the exclusion denied even as to the income.

Having failed in his attempt to designate everything except the current income to which the beneficiary was entitled without any exercise of discretion on the part of a trustee, as a future interest, the Commissioner now seeks to limit the exclusion to the value of the right to income for the period of the trust, to be computed in accordance with the methods provided by Art. 19 of Regulations 79 (1936 Ed.) for valuing annuities, life, remainder and reversionary interests. He contends that by the terms of the trust agreement, two distinct and different kinds of interests were given to each named primary beneficiary, first, an interest in the income, the use, possession or enjoyment of which was to begin immediately, and second an interest in the corpus, the use, possession or enjoyment of which was not to commence "until a future designated date and which was further contingent upon an uncertain future event

(survival until that date)." While we think the result of this construction of the statute is an undesirable anomaly, as pointed out in the case of Charles v. Hassett, D.C., 43 F.Supp. 432, and the Fisher case, supra,[1] nevertheless we are convinced that it must be adopted in view of the language of the statute and the regulation pertaining thereto, which the Supreme Court has held to be within the competence of the Treasury in interpreting § 504(b). See United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913.

Although it is true that the donee who receives the immediate and absolute right to the entire net income of a trust estate is the holder of a present, beneficial interest in the corpus of the estate, it is not the full interest, and it does not ripen into the full interest unless and until he receives the corpus in full at the termination of the trust period. Thus what might be described as his principal interest in the corpus is postponed until such termination, and to that extent, it is a future interest. That there may be two types of interest is implied in the Pelzer case, supra, where the Court points out that the beneficiaries had no right to the present enjoyment of the corpus or of the income. As stated in Fisher v. Com'r, supra [132 F.2d 386], "The taxpayer's assertion that there could be only one gift to each beneficiary and that that gift could not at the same time be both a present interest and a future interest in property, is erroneous. Whether each beneficiary is considered as having received one gift or two, there can be no doubt but that, under the terms of the trust agreement, each was given two distinct kinds of interests. No reason has been advanced, and we know of none, that would militate against the receipt of such separate interests by one beneficiary."

In Com'r v. Glos, 7 Cir., 123 F.2d 548, 550, this court said: "We are not concerned with any nice distinction between contingent and vested remainders, for Congress has included all future interests. The sole statutory distinction between present and future interests lies in the question of

---

[1] The anomaly lies in the fact that a greater deduction is allowable in the case of a gift in trust to pay the income for life to one, with remainder over to a second beneficiary, than is allowable here, although in fact, the value of the gift to each donee here is much greater, because of the short time elapsing before he comes into full dominion over the corpus. And differing amounts are excludable here, under the decision of the Tax Court, 45 B. T.A. 958, based on the length of the period elapsing before termination of the trust, from one year to thirteen, although the actual gifts are identical.

whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present. This is within the recognized significance of the term 'future interest.'" So here, where although the donees receive absolute right to all income from the trust estate, they are to receive no interest in the corpus unless they survive the termination of the trust period, we think it must be said that their interest in that corpus is "limited to commence in use, possession, or enjoyment at some future date or time," hence, a future interest. It follows that the donor is not entitled to exclude from his gift tax the value of that interest.

Decision affirmed.