ESTATE OF CHARLES H. HART, MARY A. HART, EXECUTRIX, PETITIONER,
*v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109608.   Promulgated April 21, 1943.

*Elliot F. Glassberg, Esq.*, for the petitioner.
*Ellyne Strickland, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* The question to be decided is whether respondent erred in his determination that $13,645.03 is the amount deductible from gross estate with respect to the claim of Irene N. Collord for an annuity of $3,500 during her lifetime. The petition alleges that respondent erred in determining such value, and further that:

\* \* \* The true value of this debt should have been determined to be the ascertainable cost to the Estate of acquiring a similar type of (annuity) contract in the open market at the time of the death of the decedent or, in the alternative, the sum of $19,600.00 \* \* \*.

Respondent's determination of the value of the claim was in accord with the Treasury regulations governing the valuation of property includable in the gross estate. Paragraphs (2) and (3) of Regulations 105, section 81.10(i), and Regulations 80 (1937 Ed.), article 10 (i), provide:

(2) The value of an annuity contract issued by a company regularly engaged in the selling of contracts of that character is established through the sale by that company of comparable contracts.

(3) All other future payments are to be discounted upon the basis of compound interest at the rate of 4 per cent a year. If the time of payment or of payments is dependent upon the continuation of, or upon the termination of a life or of lives, the Actuaries' or Combined Experience Table of Mortality, as extended, and established actuarial principles are to be used in the computation of the present worth. \* \* \* Table A, a part of this section, gives factors applicable to a case in which only one life is involved. \* \* \*

Table A, based upon 4 percent interest and the Actuaries' or Combined Experience Table of Mortality, gives $3.89858 as the present value of $1 due at the end of each year during the life of a person 79 years of age. The product of $3.89858 multiplied by $3,500 is $13,-645.03. It should be noted, however, that where, as here, the annuity is payable semiannually, paragraph (6) of section 81.10 (i) and article 10 (i) prescribe that the product shall be further multiplied by 1.00990. Apparently this has not been done in the present case.

The position of petitioner, as stated by counsel at the trial of the case, is that table A in the regulations is based upon an obsolete table of mortality (namely, the Actuaries' or Combined Experience Table of

Mortality), that in writing annuity contracts life insurance companies no longer use that table, and that a 4 percent interest rate is excessive. Petitioner cites *Anna L. Raymond*, 40 B. T. A. 244; affirmed on other issues, 114 Fed. (2d) 140; certiorari denied, 311 U. S. 710, a case dealing with income taxes.

The Commissioner determined the present value of the claim against decedent's estate. That determination was prima facie correct and cast upon the petitioner the burden of proving otherwise. In our opinion the evidence adduced is wholly insufficient to merit reversal of the Commissioner's finding. There is no evidence in this record to show that the table used by respondent is obsolete, as was made to appear affirmatively in the *Raymond* case. Nor do we think this is a fact of which we may take judicial notice. Valuation for estate or inheritance tax purposes is computed in some 17 states by the use of the Actuaries' or Combined Experience Mortality Table, with 4, 5, or 6 percent interest, and approximately 20 other states use the American Experience Table of Mortality, with interest at 5 or 6 percent. See Prentice-Hall, Inheritance and Transfer Tax Service (11th Ed.) vol. I, pp. 801–803. The life expectancy of a person aged 79 under the former table is 5.09 years; under the latter, 4.8 years. In New York State the use of the Actuaries' or Combined Experience Table of Mortality, with 4 percent interest, is prescribed by statute, Tax Law, §249–v, which is binding in tax computations. See *In re Bowker's Estate*, 157 Misc. 341; 283 N. Y. S. 564.

The only evidence we have is that it would have cost more than the figure used by respondent to have purchased an annuity in the same amount from an insurance company at the time of decedent's death. The regulations, however, differentiate between annuities issued by insurance companies and all other annuities. There is nothing in the present record from which we could conclude that this is an arbitrary and unjustifiable distinction. The Seventh Circuit stated in the *Raymond* case: "We are satisfied * * * that the sum which the Board found was the fair cost of the annuities is a sum of which petitioner may not complain (for it is more than the actual cost of the annuity, being based on insurance companies' estimates) * * *"; and in a footnote it said: "The insurance company tables are ultra-conservative."

The method of valuing the claim adopted by respondent was a proper one. "There may be better and more accurate methods, but we can not for that reason disapprove of a method long in use without evidence establishing a better one. *Simpson* v. *United States*, 252 U. S. 547." *F. J. Sensenbrenner*, 46 B. T. A. 713, 717–718. Since petitioner in the present case has failed to demonstrate that the Commissioner erred, we affirm his determination, with the exception noted hereinabove, that effect be given to the fact that the annuity is payable semiannually.

*Decision will be entered under Rule 50.*