JANE BYRNES O'MALLEY-KEYES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3835. Promulgated March 8, 1945.

*Gerald F. Finley, Esq.*, for the petitioner.
*Charles P. Riley, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge*: The respondent has determined a deficiency in gift tax against petitioner for the calendar year 1941 in the amount of \$11,237.42. The questions raised are with respect to (1) the value of the gifts made and (2) the total exclusions to be applied to the gifts.

The facts have been stipulated and are found as stipulated.

Petitioner is an individual now residing in Palm Beach, Florida. On or about March 15, 1942, she filed a gift tax return for the year 1941 with the collector of internal revenue at New Haven, Connecticut.

Petitioner is a beneficiary for her life of income from certain trusts declared under the last will and testament of Edward Malley, late of the City and County of New Haven, Connecticut. The will and a codicil thereto were admitted to probate in the Probate Court of the District of New Haven on September 16, 1909. In 1941 Walter E. Malley, Frank A. Leddy, petitioner, and the Union & New Haven Trust Co. of New Haven, Connecticut, were acting as executors of the will and trustees of the various trusts set up by the will.

The corpora of the trusts under the will of Edward Malley, of which petitioner is a beneficiary, consists of real estate, securities, and shares of stock of Edward Malley Co. of New Haven.

The duration of all of the trusts of which petitioner is a beneficiary is measured by three lives, one of which is the petitioner's, so that the trusts can not terminate during her lifetime. The executors and trustees are directed by the terms of the will to pay to petitioner her share of the income and profits from each trust "semi-annually or oftener in their discretion * * *."

In 1941 petitioner had five children, all of whom resided in foreign countries. On December 30, 1941, she executed and registered with the trustees of her father's trusts five irrevocable assignments by the terms of which she assigned to each of her children for the calendar year 1941 and for each subsequent year an interest of a specified amount in the net income she was entitled to receive during her lifetime. The amount of the interest assigned to each child was as follows:

| | | |
|---|---|---|
| (a) Hamilton O'Malley | | $5,000 |
| (b) Rosemarie Labrouche | | 3,000 |
| (c) June Dufaure | | 1,500 |
| (d) Eugenie Wingfield Pears | | 1,500 |
| (e) Nial O'Malley-Keyes | | 1,500 |
| Total | | 12,500 |

Petitioner's age at this time was about 54 years. She was born on February 25, 1888. The assignment made by petitioner to Nial O'Malley-Keyes is the same as that made to each of the other four children except for the amount, and provides, in part, as follows:

WHEREAS, I, JANE BYRNES O'MALLEY-KEYES, of Greenwich, Fairfield County, Connecticut, am entitled to receive the income during my natural life from certain trusts created and set up by Articles 29, 30 and 31 of the last will and testament, dated the 10th day of June 1907, of my father, Edward Malley, * * *

* * * * * * * *

WHEREAS, I am desirous that my son hereafter named shall have a fixed income during my natural life.

Now, THEREFORE, I, the undersigned, JANE BYRNES O'MALLEY-KEYES, * * * do hereby irrevocably grant, assign, set over, transfer and convey unto my son, NIAL O'MALLEY-KEYES, or his heirs, to his own absolute use forever, the sum of Fifteen Hundred ($1500.00) Dollars per year, (including the current calendar year) for the balance of my natural life, and to that extent I do substitute Nial O'Malley-Keyes as beneficiary pro tanto of the certain trusts * * *.

I do further direct * * * Trustees of the aforesaid trusts, to remit the payment of the sum hereby assigned directly to the said Nial O'Malley-Keyes, from the income which I might otherwise receive or be entitled to receive under these trusts, and I hereby do irrevocably renounce each and every right of ownership and control over the annual sum hereby assigned.

In the event of the failure of the Trustees to pay the sum hereby assigned in each and every year, I do appoint Nial O'Malley-Keyes my true and lawful attorney, irrevocably and with full power of substitution and revocation, in his own name, to ask, demand, sue for, collect, receive, appoint, compel the Trustees to account to him, and give acquittal for the annual income assigned to him by this instrument.

IN WITNESS WHEREOF, I have hereunto affixed my hand and seal the 30th day of December, 1941.

When petitioner filed her gift tax return she reported five gifts as having a total value of $141,040.64 at the time of the gifts, and deducted $129,757.39 as the total exclusions applicable to the gifts, leaving $11,283.25 as the total included amount of gifts for the year. Then she claimed $11,283.25 as a specific exemption, leaving no amount as the net gifts subject to tax.

Petitioner arrived at the value of each gift by multiplying the amount of the assigned interest by 11.28325, which is the factor for a person age 54, shown in column 2 of table A of section 86.19 of Regulations 108. Petitioner arrived at the total exclusions of $129,757.39 by a method which, in a rider attached to her return, she designated as "compounding the exclusions," that is, she multiplied the exclusion claimed with respect to each gift by the same factor used in determining the value of the gifts. In other words, she concluded that the exclusion applicable to Hamilton O'Malley's gift was $4,000, that the exclusion applicable to Rosemarie Labrouche's gift was $3,000, and that the exclusion applicable to each of the other three gifts was $1,500, or a total of $11,500 for the five gifts.

In the notice of deficiency respondent determined the total value of the five gifts to be $154,936.93, and allowed $20,000 as the total exclusions applicable to the five gifts, leaving $134,936.93 as the total included amount of gifts for the year. Then the respondent allowed the same specific exemption the petitioner had claimed.

In arriving at the value of the gifts the respondent followed strictly paragraph (f) of section 86.19 of Regulations 108. He multiplied the total amount of the assigned interests, $12,500, by the same factor used by the petitioner, 11.28325, and then multiplied that product by the factor 1.0099, due to the fact that the payments are to be made semiannually, and to the result so attained he added $12,500 because payments totaling $12,500 were paid immediately at the time of the gift.

Since the petitioner, prior to the calendar year 1941, had made no gifts within the meaning of the gift tax law, the respondent admits that the full amount of the specific exemption, $40,000, is available to her for the year 1941.

The value of the five gifts made by petitioner to her five children on December 30, 1941, was $154,936.93.

Petitioner is entitled to exclusions of $20,000 for the year 1941 and no more.

Petitioner attacks the method respondent used in computing the gift tax, although she used the same table in her own computation. The facts are clear that under her father's testamentary trust her income was payable to her semiannually; that in her gifts to her children, each one was substituted in her place to receive *pro tanto* her income, semiannually or oftener; and that respondent followed the provisions of paragraph (f) of section 86.19 of Regulations 108. Peti-

tioner has not proved the regulations to be unreasonable or that another method of computing the tax is more reasonable. She has offered no evidence to form a basis for such argument as she has made. The determination of respondent with respect to the value of the gifts is presumed to be correct and, in the absence of proof to the contrary, it must be upheld. *Estate of Charles H. Hart*, 1 T. C. 989.

Petitioner contends that the same method of computation should be used in determining the exclusions to which petitioner is entitled. In other words, the exclusions should be compounded annually, under which method petitioner would be entitled to exclusions each year. It is conceded that the five gifts were made in 1941 and that the instant case falls within the pattern of *Blair* v. *Commissioner*, 300 U. S. 5. Under the rationale of the *Blair* case, the donees are liable for the tax on the income they receive, and not the donor. Gifts were not made annually. It is clear that the intention of Congress was to allow an exclusion on each completed gift in each year. As the gifts made by petitioner were completed in the taxable year, she is entitled to the five exclusions and no more.

Respondent concedes that petitioner is entitled to the specific exemption of $40,000. With this adjustment the respondent's determination is approved.

*Decision will be entered under Rule 50.*