BETTY DUMAINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27739.   Promulgated May 15, 1951.

*Edward C. Thayer, Esq.*, for the petitioner.
*William C. W. Haynes, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* The petitioner is entitled to receive a deduction under section 1004 (a) (2) (B) of the Code for her gift of a remainder to a charitable corporation. The respondent has allowed a deduction in the·amount of $127,241.54. The petitioner argues that the amount

of the deduction should be $132,331.04, one-half of the gross amount of the gifts of remainders. The chief issue relates to the computation of the present worth of the gift of a remainder at the date of the gift for purpose of the deduction.

The Commissioner has made his determination of the present worth of the gift of a remainder in accordance with various provisions of the gift tax regulations, Regulations 108, which will be more specifically mentioned hereinafter. The provisions of the regulations which have been applied here have been continuously followed by the Commissioner since 1924. The Commissioner has been authorized by the Congress to prescribe regulations under the gift tax statute under section 1007 (a) of the Code and corresponding sections of the prior revenue acts. The respondent's determination of the present worth of the charitable remainder in question was prima facie correct, and it is the petitioner's burden to prove that it was otherwise. *Estate of Charles H. Hart*, 1 T. C. 989, 991. The petitioner agreed to submit this proceeding under a short stipulation of noncontroversial facts and elected not to introduce any evidence, through an expert witness or otherwise, to establish that the respondent's valuation of the remainder is incorrect. And, on brief, the petitioner has not cited any authority which establishes that the respondent has erred; that the method of valuation which he has followed is wrong; or that there is a better or more reasonable method of valuation of the remainder to be applied in this proceeding. The petitioner's problem is, therefore, that she has not proved or established a more reliable actuarial method to be applied. *Lockhard* v. *Commissioner* (C. A. 1, 1948), 166 F. 2d 409, 414.

The petitioner's argument contains, however, a suggestion which we recognize as embracing a simpler method for valuing a remainder, which is followed in at least one state, Michigan, even though the petitioner has not identified the method as one which has been used. Therefore, our decision should not turn upon failure of proof, as otherwise would be the ground for the decision. The contention of the petitioner strikes at the validity of a long-established method for the valuation of remainders followed by the Commissioner, and the petitioner, in effect, asks this Court to disapprove the method. Since no cogent reasons supported by authorities, especially those in the field of actuarial methods of valuation, have been given, and the petitioner has not shown that the method adopted by the regulations is unreasonable, we decline to disapprove the long-standing practice of the Commissioner in valuing remainders, *Robinette* v. *Helvering*, 318 U. S. 184 (1943); *F. J. Sensenbrenner*, 46 B. T. A. 713, 717–718, affd. (C. A. 7), 134 F. 2d 883; *Estate of Charles H. Hart, supra; Henry F. DuPont*, 2 T. C. 246; *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110; *Helvering* v. *Winmill,* 305 U. S. 79; *Brewster* v. *Gage*, 280 U. S.

327; Mertens, Law of Federal Income Taxation, Vol. 1, pp. 84, 85, par. 3.20. The petitioner has not demonstrated by any authoritative means that the method of valuation applied in this case is arbitrary.

The method suggested by the petitioner has the appeal of simplicity, and we have given it consideration. But after making as painstaking examination of the Commissioner's method of valuing the remainder in question as is possible, in spite of the limitations of the petitioner's presentation of her case, our conclusion is based upon the principle that there must be a uniform administration of the revenue statutes and of the rules and regulations which the Congress has authorized the Commissioner to establish under the statutes. *Simpson* v. *United States*, 252 U. S. 547. As was well stated in *F. J. Sensenbrenner*, *supra*, pp. 717, 718, "There may be better and more accurate methods, but we cannot for that reason disapprove of a method long in use without evidence establishing a better one. In *Commissioner* v. *Marshall*, 125 F. 2d 943 (C. A. 2), the court stated that the method of valuing remainders in article 19 of Regulations 79 'is not so arbitrary as to be unreasonable and invalid.'" The method followed by the respondent is found in section 86.19 of Regulations 108, which is the same as the regulation referred to in the above quotation.

In computing the value of the charitable remainder for the purpose of the charitable gift deduction, the respondent used the remainder factor 0.31826, the factor for the present worth of the right to receive one-half of $1, as augmented by the accumulation of one-half of the income at the end of the year of the death of a person aged 46 years. The factor used is a special factor computed in the same way as the factors set forth in Table A, Regulations 108, p. 36, section 86.19, i. e., it is computed from the Actuaries or Combined Experience Table of Mortality with interest at 4 per cent, and it represents the present worth of the donee's right to receive the remainder *at the end of the year of the death of the person having the intervening life estate*, the donor, who is the petitioner here. The factor is a curtate factor because it is based upon payment *at the end* of the year of the death of the holder of the life estate.

The Commissioner's regulations since before 1924 have followed a method of valuation which uses curtate factors. The curtate factors in Table A were given in Internal Revenue Decision 20443 of December 16, 1898, issued in connection with the Federal Legacy Tax of 1898. The use of a curtate factor is one of the professionally accepted methods for valuing life estates, annuities, remainders, and reversions. Because the curtate remainder factor is based on payment at the end of the year of death there is always a "spread" of difference between the aggregate ascertainable values of the parts and the value of the whole. Thus, for example, the present worth at the end of each year during the life of a person aged 35 years of a life interest in property worth

$50,000, and the present worth of a remainder interest in property worth $50,000, postponed until the end of the year of death of a person aged 35 years aggregates $49,318.74. The difference between the aggregate of the ascertained values totaling $49,318.74 and $50,000 is a mathematical difference which is inherent in the use of curtate factors. There are other methods of valuing life estates and reversions or remainders which give the complete value, without any differential or spread, but the Commissioner in his regulations has not adopted any of the other methods. And, the method which employs curtate factors is not confined to the Commissioner's use, but is quite widely used. See Wolfe, Inheritance Tax Calculations, 2d Ed., Baker, Voorhis & Company, publishers (1937), Ch. 1, pp. 4, 5, *et seq.*

In this proceeding, as is shown in the findings of fact, the total value of the two gifts of remainders, after excluding the value of the donor's retained life estate in the trust, is $264,662.09. The present worth of each gift of a remainder is $127,241.54 (although in this case it was necessary to obtain only the present worth of one of the remainders for the purpose of the charitable gift deduction). The aggregate of the ascertained values of the two remainders is $254,483.08, which is $10,179.01 less than the amount of the total gifts, $264,662.09, as well as of the value of the entire property given to the trustee, $399,803.75. The difference is the "spread."

The petitioner suggests that a simpler way of valuing the charitable remainder is to divide the total amount of the gifts—$264,662.09—by two, which results in two figures in the amount of $132,331.05 and $132,331.04. If it were to be determined that the value of the charitable remainder is $132,331.05, the amount of the net gifts, before the specific exemption, would be $132,331.04 instead of $137,420.55, as the respondent has determined, and the amount of the gift tax would be about $2,000 less than the respondent has determined. Therefore, the petitioner objects to the valuation of the remainder by the method which the respondent has used which involves using a curtate remainder factor.

It is evident that the petitioner, in effect, is proposing for our approval, in preference to the respondent's long-used method, the method whereby the value of a remainder is obtained, by deducting from the value of the entire property, the ascertained value of the limited (here, life) estate (Wolfe, Inheritance Tax Calculations, *supra*), although she has not introduced into the record evidence or authorities in support of her proposal.

The respondent's regulations provide, *inter alia*, that "The statute taxes all such transfers of property [gifts] * * * to the extent that they exceed the deductions authorized by section 1004." Section 86.1, Regulations 108, p. 3. Also, in section 86.13 of the regulations, it is provided that "only the present worth of the remainder is deduc-

tible," and that "To determine the present worth or value of such remainder * * *, the value of the property transferred should be multiplied by the appropriate factor in column 3 of Table A or B, a part of section 86.19." See, also, section 86.19 (h). The estate tax regulation, Regulations 105, p. 30, contains the same table and corresponding provisions. The entire scheme of the regulation follows a consistent pattern. Since the Congress has authorized the Commissioner to promulgate regulations under the statute, since deductions are a matter of legislative grace, and since the method of valuation in question is followed in the administration of the Federal estate tax as well as of the Federal gift tax, the disapproval of the respondent's determination in this proceeding, and, therefore, of the long-established method of obtaining the present worth of interests in property, in favor of another method which has been merely suggested to us, would be, indeed, a very sweeping determination for this Court to make. We must decline to do so.

The petitioner has questioned, also, the first step in the respondent's whole computation, the subtraction of the valuation of the present worth of the donor's retained life estate from the value on the date of gift of the securities given to the trust in the amount of $399,803.75, asking: "Why go through both steps of obtaining the present worth of the retained life estate, and the present worth of the charitable remainder?" And then she has asked why it is not preferable to omit the first step entirely and take only the present worth of the remainder. The reason for taking the first step is that the donor gave away only remainders. It is necessary, therefore, to determine the present worth of the retained life estate and to subtract it from the value of the securities she gave to the trustee, in order to obtain the value at the date of gift of the total gifts under section 1007 (a). See, also, section 86.19 (h), p. 34, Regulations 108. Also, a deduction is claimed in this proceeding. Under section 86.1 of Regulations 108, explanation is given for the necessity of obtaining the value of the property which is transferred by gift. The gift tax is upon the value of the property which is transferred by gift to the extent that it exceeds the authorized deduction. In this proceeding the value of the property transferred by gift will be reduced by the amount of the charitable gift.

It appears that the petitioner has made this suggestion because of a misunderstanding of the example given in subsection (6) of section 86.19 (f) of Regulations 108, p. 33, which refers to a gift of a remainder by a donor who owns only a remainder subject to the life estate of another, rather than the entire property, as is the case here. The same example is given more clearly in the estate tax regulations, Regulations 104, p. 27, example (4). Under the illustration given, it is not necessary to value a life estate first, in order to obtain the value

of the property transferred by gift. The illustration given in subsection (6) of section 86.19 (f) does not apply in this proceeding.

There may be instances where it is correct, under the respondent's regulations, to obtain the value of a remainder by simply subtracting the value of a life estate, or of an annuity, from the value of the total property, or the total estate. But in this proceeding, the situation has a complication; the principal is to be augmented during the life of the trust by the accumulation of one-half of annual income, and the value of the retained life estate, the right to one-half of annual income, is affected by the annual accumulation of one-half of the income. In the situation which is presented in this proceeding, all of the computations which the respondent has made were necessary, and we find them to be in accord with the respondent's regulations. In *Estate of Leonard S. Waldman*, 46 B. T. A. 291, 295, the petitioner made a contention such as this petitioner makes, but it was rejected.

It is held that the respondent correctly determined the amount of the total gifts to be $264,662.09, the present worth of the charitable gift of a remainder to be $127,241.54, and the amount of the net gifts to be $121,461.34. The respondent is sustained.

*Decision will be entered for the respondent.*