**Joseph SHEFNER and S. Harry Gainsley, Trustee and Transferees, Plaintiffs,**

**v.**

**A. R. KNOX, Director of Internal Revenue, Defendant.**

Civ. No. 4738.

United States District Court
D. Minnesota, Fourth Division.

June 16, 1955.

Joseph Shefner, Minneapolis, Minn., for plaintiff.

James Q. Riordan, Dept. of Justice, Washington, D.C., for defendant.

DEVITT, District Judge.

This is an action by taxpayers to recover for gift taxes paid to the government pursuant to an adverse ruling of the Commissioner of Internal Revenue. Plaintiffs contend that they were entitled to certain exclusions in the computation of their gift tax returns for the year 1949. The government asserts that petitioners were not entitled to exclusions because the trust agreement in question and upon which the controversy rests, created future interests.

Simply stated, the issue confronting the Court is this: Did the agreement confer upon the three children-beneficiaries of this agreement a present interest or was the gift one of a future interest in which there was an actual postponement of possession, use or enjoyment? If the Court should find that the agreement created a present interest, then the taxpayers would be entitled to the refund; otherwise not.

The factual circumstances out of which the instant controversy arose are largely reflected in an agreement dated December 27, 1949. Harry Goldstein, now deceased, and his wife Celia Goldstein endeavored through this agreement to set up an arrangement whereby the ownership of the Standard Plumbing Supply Co. could be gradually transferred to two sons active in the operation of the business, whereas the other three children

would be reimbursed for their share of the value of the business by having the corporation repurchase some of its own stock each year. Payment for the stock would be made by the corporation to the trustees to whom the donors gave stock to hold in trust, and the trustees in turn would then give the proceeds to the other three children.

Paragraph I A of the agreement required the corporation to repurchase up to $3,000 worth of its own shares during any year that it could do so while complying with the applicable Minnesota statutes governing redemption of corporate stock.

In the event that the corporation or the two sons active in it should refuse to carry out this phase of the agreement, the trustees would have authority under paragraph III to take necessary steps to dissolve the corporation. The two sons could, on the death of the settlors, terminate the trust by declaring sufficient dividends to purchase the trustees' holdings which proceeds would be disbursed to the three beneficiaries of the trust. Other administrative details are provided.

As amended by the Revenue Act of 1942 the applicable statutory provision, 26 U.S.C. § 1003 (1952 Ed.), reads as follows:

"*Gifts after 1942.* In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

Treasury Regulations 108, Sec. 86.11 further defines future interests in property for purposes of gift tax exclusions as follows:

" 'Future Interests' is a legal term, and includes reversions, remainders and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time * * * "

It is well to note at the outset that property and conveyancing law is of little assistance or importance in the determination of the nature of future interests for the purposes of applying the gift tax exclusionary provisions. See United States v. Pelzer, 1941, 312 U.S. 399, 402–403, 61 S.Ct. 659, 85 L.Ed. 913; Wisotskey v. Commissioner, 3 Cir., 1944, 144 F.2d 632, 636; Commissioner of Internal Revenue v. Wells, 6 Cir., 1942, 132 F.2d 405, 407.

The apparent congressional intent and reason for excepting future interests from the exclusionary benefits as stated in legislative reports was noted in United States v. Pelzer, 1941, 312 U.S. 399, at page 403, 61 S.Ct. 659, at page 661 when the court quoted from a report to the effect that:

" " ' * * * the denial of the exemption in the case of gifts of future interests is dedicated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts.' "

However, this statement of congressional intent does not mean that a future interest will be allowed as an exclusion merely because the beneficiaries or donees are ascertained; the statute does not contain such a limitation upon the future interest exception. Evans v. Commissioner, 3 Cir., 1952, 198 F.2d 435; Commissioner of Internal Revenue v. Glos, 7 Cir., 1941, 123 F.2d 548.

With respect to taxpayer's testimony and arguments concerning what has actually been done in the administration of the trust, it is sufficient to observe that the nature of the interest must be determined as of the date of the gift. See Commissioner of Internal Revenue v. Gardner, 7 Cir., 1942, 127 F.2d 929, 931; Commissioner of Internal Revenue v. Brandegee, 1 Cir., 1941, 123 F.2d 58, 61.

Since the future interest qualification first appeared in the gift tax provisions, it has caused considerable difficulty for those administrators and courts responsible for its interpretation and application. These interpretations and constructions have naturally not always agreed as to the proper approaches to the problem, but it may be noted what various courts have concluded to be the significant test in distinguishing present and future interests for purposes of computing gift tax exclusions.

In Fondren v. Commissioner, 1945, 324 U.S. 18, at page 20, 65 S.Ct. 499, at page 501, 89 L.Ed. 668, the United States Supreme Court said:

"Under these decisions it is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right presently to use, possess or enjoy the property. These terms are not words of art, like 'fee' in the law of seizin, United States v. Pelzer, supra, 312 U.S. at page 403, 61 S.Ct. at page 661, 85 L.Ed. 913, but connote the right to substantial present economic benefit. The question is of time, not when title vests, but when enjoyment begins. Whatever puts the barrier of a substantial period between the will of the beneficiary or donee now to enjoy what has been given him and that enjoyment makes the gift one of a future interest within the meaning of the regulation. * * *"

And again, 324 U.S. at pages 26 and 27, 65 S.Ct. at page 504:

"* * * the crucial thing is postponement of enjoyment, not the fact that the beneficiary is specified and *in esse* or that the amount of the gift is definite and certain. * * *"

Stressing the importance of the donee's rights, the court said in Kieckhefer v. Commissioner, 7 Cir., 1951, 189 F.2d 118, at page 121:

"* * * It is not, however, the use, possession or enjoyment by the beneficiary which marks the dividing line between a present and future interest, but it is the right conferred upon the beneficiary to such use, possession or enjoyment. * * *"

Where the donee has the right of immediate enjoyment of the gift, it will be considered a gift of a present rather than a future interest. Kniep v. Commissioner, 8 Cir., 1949, 172 F.2d 755.

For a further statement see Commissioner of Internal Revenue v. Sharp, 9 Cir., 1946, 153 F.2d 163, 164:

"* * * a vested right in the trust is not enough to qualify for the $5,000 tax exemption in the gift tax. In addition, the donee must have the right to use, possess and enjoy the property presently. The question is not when title vests, but when enjoyment begins. * * *"

Applying these rules to the instant case, it seems clear that there is no right in the donees to the immediate possession, use and enjoyment of the gifts made by the Goldsteins pursuant to the agreement. It is true that the agreement provides for the purchase or redemption by the corporation of its own stock and the distribution of the proceeds of this redemption through the trustees to the donees; however, the redemption requirement is contingent upon the corporation being able to comply with the applicable Minnesota statutes governing corporate redemption of its own stock. This would include compliance with such provisions as Minn.Stats. 1953, Sec. 301.22(6), M.S.A., which authorizes a corporation to redeem its own stock only from earned or paid-in surplus under specified conditions.

Secondly, the agreement nowhere requires the corporation to repurchase any specified amount of stock during any year even though compliance with the statutes may be accomplished. The agreement specifies only that *no more than $3,000* of stock will normally be retired in any one year during the lifetime of either Settlor.

Plaintiff's counsel argues that the corporation was "duty bound" to buy $3,000 of stock each year. The agreement does not so provide. Evidence of what the corporation has in fact done in the past pursuant to the agreement cannot be used to support the assertion of an absolute duty to repurchase so much stock each year. The corporation could comply with the agreement by repurchasing a very nominal amount of its own stock during any year.

The Court concludes that the interests created by the trust agreement are future, in that enjoyment, use and possession are postponed and are indefinite. Although the trustees apparently could not accumulate proceeds from the stock sales, the corporation could do so. The close family nature of the business arrangement and corporate management distinguishes this case from the United States Steel Corporation illustrations suggested by counsel for the plaintiff in argument.

Merely shifting the powers of discretion and accumulation from the trustees to the officers of a closely held corporation cannot avoid the consequences of the gift tax interpretations considered above. It is my view that there is too much uncertainty as to the time and amount of future receipts by the donees to permit the arrangement to enjoy the benefits of the gift tax exclusionary provisions for gifts of present interests. Commissioner of Internal Revenue v. Disston, 1945, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720; Kniep v. Commissioner, 8 Cir., 1949, 172 F.2d 755 and Commissioner of Internal Revenue v. Sharp, 9 Cir., 1946, 153 F.2d 163. The case is one where there is an actual postponement of the right of possession, use and enjoyment, thus constituting future interests which are not entitled to exclusionary credit, 26 U.S.C. § 1003 (1952 Ed.); Commissioner of Internal Revenue v. Disston, supra, Fondren v. Commissioner, 1945, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668; United States v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; French v. Commissioner, 8 Cir., 1943, 138 F.2d 254; See Gilmore v. Commissioner, 6 Cir. 1954, 213 F.2d 520, 521.

Findings of fact, Conclusions of Law, Order for Judgment and Form of Judgment may be prepared accordingly.