ESTATE OF MIRIAM R. KOLKER, DECEASED, FABIAN H. KOLKER AND GLORIA K. HACK, PERSONAL REPRESENTATIVES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17058-80.    Filed May 25, 1983.

*Charles M. Cahn, Jr.,* and *Michael J. Kandel,* for the petitioner.

*Daniel J. Wiles,* for the respondent.

OPINION

TIETJENS, *Judge*: Respondent determined a deficiency of $9,821.82 in petitioner's Federal gift tax. The issue for our determination is whether a transfer to a trust on December 29, 1976, by Miriam R. Kolker was a gift of a present interest, capable of valuation and qualifying for the exclusion provided by section 2503(b).[1]

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

The address of Miriam R. Kolker (hereinafter Kolker) at the time the petition was filed and when the transfer in question was made was Baltimore, Md.[2] Kolker timely filed her Federal

---

[1]All statutory references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year at issue, unless otherwise stated.

[2]The present petitioner was substituted as a party petitioner by court order after the death of Miriam R. Kolker, the original petitioner herein.

gift tax return for the calendar quarter ending December 31, 1976, with the District Director of Internal Revenue, Baltimore, Md.

At issue in the present case is a gift made in trust to Marvin D. Kolker and Charles M. Cahn, Jr., and included on Kolker's gift tax return for the quarter ending December 31, 1976. Kolker created the trust on December 28, 1976, by executing a document entitled "Irrevocable Trust Agreement Created by Miriam R. Kolker for the Benefit of Her Grandchildren, Marvin D. Kolker and Charles M. Cahn, Jr., Trustees." An additional document entitled "Statement of Administrative Provisions and Fiduciary Powers of Trustees," created by Blades & Rosenfeld, P.A., and dated July 16, 1970, was incorporated within the provisions of the trust agreement.

The trust instrument was created for the benefit of all of Kolker's living grandchildren on the date of the creation of the trust. The trust instrument provided, in pertinent part:

2. My Trustees shall, on or about June 13 of each year (June 13 being my birthday) beginning with 1977, distribute the sum of Three Thousand ($3,000.00) Dollars each to each of the Beneficiaries who are alive at the time of the creation of this Trust and who are alive at the time of the making of such respective distribution.

3. The Trust hereby created shall terminate (unless all of the assets hereof shall have been sooner distributed by my Trustees) upon the death of the last survivor of the Beneficiaries.

4. * * *

(i) My Trustees shall in their discretion from time to time pay over and/or distribute part or parts or the whole of the net income of such respective trust share and/or part or parts or the whole of the principal of such respective trust share to such respective Youthful Distributee in such amounts and at such times as my Trustees may deem best for the support, maintenance, education, best interest and general welfare of such respective Youthful Distributee, the expenditures or distributions to be made out of and charged to either principal or income, in such proportions and in such manner as my Trustees may deem proper; and any income not expended during the fiscal year in which received shall be added to and form a part of principal.

(ii) Each such trust share shall terminate upon the first to occur of (a) such respective Youthful Distributee's attaining the age of thirty years, or (b) such Youthful Distributee's death, or (c) twenty years after the death of the last survivor of my descendants as are living at the time of the creation by me of this Trust.

The trustees were granted various powers governing their administration of the trust. Their powers included the following authorizations:

10. To pay, upon the death of any beneficiary of the Trust, such sum or sums as my Trustees may in their discretion deem necessary or proper (a) to provide for part or all of such beneficiary's funeral expenses, including the cost of burial space, the cost of perpetual care thereof, the cost of a suitable tombstone or marker and such other expenses as my Trustees may deem proper incident to the suitable interment or other disposition of the body of such beneficiary, and (b) to provide for part or all of the expenses of the last illness of such beneficiary, each to the extent that the cash and readily marketable securities of the estate of such beneficiary, as known to my Trustees, shall be insufficient to pay such expenses.

\*       \*       \*       \*       \*       \*       \*

13. To make distributions in cash, in kind, or both, from time to time.

The trust was funded on December 29, 1976, when petitioner transferred to it her interests in eight savings accounts or savings certificates. Each certificate had a precise value and rate of interest ascertainable on the date of transfer.[3]

On December 28, 1976, the date the trust was created, Kolker had 13 grandchildren, all of whom were still living as of the date of the stipulation in this case. Kolker claimed 18 annual exclusions on her gift tax return, 13 of which were attributable to the transfers to the trust.

Petitioner argues that the transfer to the trust for the benefit of Kolker's 13 grandchildren was the gift of a present interest in the trust to each grandchild. Petitioner contends that when a trust is required to make annual distributions to specified beneficiaries, present interests in the trust are created for these beneficiaries. Additionally, petitioner maintains that these 13 interests were capable of valuation at the creation of the trust, and therefore, that 13 annual exclusions should be allowed under section 2503(b).

Respondent argues that Kolker's transfer to the trust was a gift of future interests to the beneficiaries of the trust. Respondent claims that the postponement of immediate enjoy-

---

[3]On the gift tax return, Kolker inadvertently understated the value of her interest in American National Building & Loan Association Savings Certificate 3-31-359. The correct value was $13,061.23 rather than $11,137 as stated in the return. Respondent accordingly adjusted the taxable gifts in the notice of deficiency, and petitioner does not contest this adjustment.

ment is a flaw fatal to the finding of a present interest and not curable by the annual distribution argument advanced by petitioner. Respondent contends that even if we should find present interests in the trust were created, they are not capable of valuation, and therefore, the exclusions should be denied.

We agree with respondent that the transfer to the trust was a gift of future interests for which the annual exclusions cannot be claimed.

Under section 2501, gift tax is imposed on the donor for the transfer of property by gift during the calendar quarter.[4] The tax applies to all transfers by gift to the extent the value of the transfers exceeds the amount of the exclusions authorized by section 2503 and other deductions. Sec. 25.2501–1(a)(1), Gift Tax Regs. Section 2503 provides, in relevant part:

(a) GENERAL DEFINITION.—The term "taxable gifts" means, in the case of gifts made after December 31, 1970, the total amount of gifts made during the calendar quarter, less the deductions provided in subchapter C[.] * * *

(b) EXCLUSIONS FROM GIFTS.—In computing taxable gifts for the calendar quarter, in the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1971 and subsequent calendar years, $3,000 of such gifts to such person less the aggregate of the amounts of such gifts to such person during all preceding calendar quarters of the calendar year shall not, for purposes of subsection (a), be included in the total amount of gifts made during such quarter. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

Although in computing the "total amount of gifts," the entire value of any gift of a future interest in property must be included for the calendar quarter in which the gift is made (sec. 25.2503–1, Gift Tax Regs.), the $3,000 per donee exclusion from "taxable gifts" is available for gifts of present interests in property. See sec. 25.2503–2, Gift Tax Regs.[5]

---

[4]Sec. 2501(a), as in effect in 1976 when the gift in this case was made, provided in part:

(1) GENERAL RULE.—For the first calendar quarter of calendar year 1971 and each calendar quarter thereafter a tax, computed as provided in section 2502, is hereby imposed on the transfer of property by gift during such calendar quarter by any individual, resident or nonresident.

[5]A trust beneficiary is considered the donee of a gift in trust for the purposes of the $3,000 exclusion. Sec. 25.2503–2(a), Gift Tax Regs.; *Helvering v. Hutchings*, 312 U.S. 393 (1941).

In the context of the gift tax, a future interest is an interest that includes "reversions, remainders, and other interests or estates, whether vested or contingent * * * which are limited to commence in use, possession, or enjoyment at some future date or time." Sec. 25.2503-3(a), Gift Tax Regs.; see H. Rept. 708, 72d Cong., 1st Sess. 29 (1932), 1939-1 C.B. (Part 2) 478; S. Rept. 665, 72d Cong., 1st Sess. 41 (1932), 1939-1 C.B. (Part 2) 526; *Commissioner v. Disston*, 325 U.S. 442 (1945); *Fondren v. Commissioner*, 324 U.S. 18 (1945); *United States v. Pelzer*, 312 U.S. 399 (1941). The petitioner bears the burden of showing that the value of what it claims is other than a future interest. *Commissioner v. Disston, supra*; cf. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435 (1934).

Petitioner concedes that respondent is correct in stating the general proposition that any period between the date of the gift and the donee's immediate enjoyment of what he has been given makes the gift one of a future interest. See *Fondren v. Commissioner, supra*. Petitioner, however, places primary reliance on several cases to back up its claim that the trust set up by Kolker provided the beneficiaries with present interests. *Commissioner v. Lowden*, 131 F.2d 127 (7th Cir. 1942), affg. a Memorandum Opinion of this Court; *Quatman v. Commissioner*, 54 T.C. 339 (1970); *Edwards v. Commissioner*, 46 B.T.A. 815 (1942), affd. on another issue 135 F.2d 574 (7th Cir. 1943). Petitioner contends that its trust is allowable under these decisions which held that present interests were created in the income interests of trusts where income was required to be distributed at least annually. Petitioner argues that the yearly payments were set up to provide a convenient distributive procedure and to commemorate Kolker's birthday. It maintains that because the first distribution was to be made within 12 months of the creation of the trust, the postponement of enjoyment until Kolker's birth date should be ignored. Petitioner asserts that the trust created present interests in both the income and principal of the trust because it is clear that income from the trust corpus would not alone be sufficient to satisfy the yearly distributions.

Respondent distinguishes petitioner's trust from those allowable in *Lowden*, *Quatman*, and *Edwards*, arguing that no

income interests were created in the trust set up by Kolker. Respondent contends that petitioner's trust created an expectation for the beneficiaries of a sum certain in the future and did not create a present right in a steady flow of income or corpus of the trust. Respondent claims that the proper focus in this case is on the certainty of postponement of enjoyment, and on the intent to defer distribution until a designated time in the future. Relying on *Fondren v. Commissioner, supra,* and on *Commissioner v. Disston, supra,* respondent maintains that petitioner has not shown an income flow can be created by an instrument that does not provide for one, and characterizes the trust instrument as one that merely provides a distribution scheme for specific sums of money in which the beneficiaries have no present rights of ownership.

It is well settled that the gift of an unrestricted right to the immediate enjoyment of the income from property is treated as a present interest for the purpose of section 2503(b). *Quatman v. Commissioner,* 54 T.C. at 343; see sec. 25.2503–3(b), Gift Tax Regs.; *Fondren v. Commissioner, supra.* An income interest creates a continuing present right to the income as it is generated. See *Quatman v. Commissioner,* 54 T.C. at 344–345.

Although petitioner places great weight on *Edwards, Lowden,* and *Quatman,* we find these cases distinguishable from the one before us. These three trusts clearly granted income interests. The trusts in these cases gave the beneficiaries immediate rights to income and made clear that income could not be accumulated, except as a technicality necessitated by a reasonable distribution procedure.

In *Edwards v. Commissioner, supra,* the trust agreement provided the taxpayer's beneficiaries with income interests in a trust. Payments were to be made "upon dates determined by Trustee to be convenient and practicable, but at least annually." *Edwards v. Commissioner,* 46 B.T.A. at 816. We held this to be a present interest, stating:

There was no provision for accumulations of any sort except as income may be collected, allocated, and distributed during the current year. As a practical matter it would be impossible to distribute each dollar of income as it is received. Taxes and other charges must be paid before net income can be determined. The important provision is that income must be paid within the year. See *Elizabeth H. Fisher,* 45 B.T.A. 958. The trustee was not directed to

accumulate income as in *United States v. Pelzer*, 312 U.S. 399, but was compelled to distribute it annually. * * * [*Edwards v. Commissioner*, 46 B.T.A. at 820.]

Similarly, in *Commissioner v. Lowden, supra*, a trust giving an income interest payable annually to the beneficiaries was held to be a gift of a present interest because the annual distribution was set up to provide a convenient distributive procedure, and not to postpone immediate use and enjoyment. Finally, in *Quatman v. Commissioner, supra*, we held that a trust instrument granted the beneficiaries a right to current enjoyment of the income of a trust although the trustees were required to distribute the income "not less often than annually."

The beneficiaries of the *Edwards, Lowden,* and *Quatman* trusts had rights to income as it was generated and these cases carefully used the convenience of distribution rationale to find annual distributions to be present interests. Also common to the three cases on which petitioner relies is the fact that *United States v. Pelzer, supra*, is distinguished from each of them. The trustees in *Lowden, Quatman,* and *Edwards* were not given a power to accumulate income; in *Pelzer*, the trustee was directed to accumulate the income for a 10-year period before distribution.

Unlike the trusts in cases using the annual distribution of income doctrine, the trust established by Kolker had no provisions to pay income to the beneficiaries. The trust simply made provisions to distribute a fixed sum to the beneficiaries.

Although we have in the past held that trusts directing the annual distribution of income created gifts of present interests to the beneficiaries, the trust established by Kolker does not fall within the rules of past holdings because Kolker did not give present income interests to the beneficiaries.[6] The fact

---

[6]See sec. 25.2503–3(b), Gift Tax Regs. Petitioner argues that it has met the "income flow" requirement because its trust is funded with accounts that continuously generate income. To hold that the composition of this trust determines the characterization of distributions from the trust as present or future interests would be an unsupportable form of bootstrapping. Consequently, petitioner's arguments concerning the mechanics of sec. 662, the tax treatment of the distributions by the beneficiaries, and the fiduciary responsibility of the trustees to invest trust assets appropriately, do not address the issue of whether present interests were given to the beneficiaries at the time the trust was created.

that the first distribution was set for a time within 12 months of the trust's creation does not convert a future interest into a present one. Both the right to current enjoyment and a need to set up an orderly distribution scheme would be required for the annual distribution exception urged by petitioner. Cf. *United States v. Pelzer, supra; Commissioner v. Disston, supra; Edwards v. Commissioner, supra.*

The trust established by Kolker postpones the right to enjoy the trust distributions until June 13 of each year. Before this date, the beneficiaries have no right to demand present enjoyment of the sum.[7] The trust does not create a continuing present right to the income as it is generated (see *Quatman v. Commissioner, supra*), and instead, the trust instrument specifically states that "any income not expended during the fiscal year in which received shall be added to and form a part of principal." Insofar as income is concerned, the trust is an accumulation trust within the holding of *United States v. Pelzer, supra.* With respect to the $3,000 annually from principal, the trust instrument delays the right of enjoyment and requires that each beneficiary survive the postponement period. This plainly creates an interest that will "commence in use, possession, or enjoyment at some future date or time."[8] See *Commissioner v. Disston, supra; Fondren v. Commissioner, supra.*

Accordingly, we hold that petitioner is not entitled to claim 13 annual exclusions under section 2503(b).[9]

*Decision will be entered for the respondent.*

---

[7] Compare *Crummey v. Commissioner*, 397 F.2d 82 (9th Cir. 1968) (even a technical right to demand may give present interest although demand not made).

[8] Because the trust instrument postpones the right to enjoy any part of trust corpus or income until the annual distribution date, we see no merit to petitioner's claim that a present interest exists in at least the portion of the $3,000 distribution allocable to the beneficiaries' income interests in the trust.

[9] We need not reach the question of whether the interests were capable of valuation at the time the trust was created.