## Elizabeth H. Fisher, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 98637. Promulgated December 9, 1941.

*F. T. Ritter, C. P. A.,* for the petitioner.

*Samuel Taylor, Esq.,* for the respondent.

960

OPINION.

SMITH: The first question presented by this proceeding is whether the two paid-up single premium life insurance policies on the life of the donor should be valued for gift tax purposes at the cost of the policies to the donor, as determined by the respondent, or at their cash surrender values at the date of the gift, as contended by the petitioner. This issue is decided in favor of the respondent upon authority of *Guggenheim* v. *Rasquin*, 312 U. S. 254.

The second question is what exclusions, if any, the petitioner is entitled to in respect of the trust which she created for the benefit of her six grandchildren in 1937. In the determination of the deficiency for that year the respondent allowed an exclusion of $5,000, upon the theory that a single gift had been made to the trustee.

The respondent now contends that he erred in allowing an exclusion of $5,000 (upon authority of *Helvering* v. *Hutchings*, 312 U. S. 393); that the gifts to the grandchildren were gifts of "future interests" within the meaning of section 504 (b) of the Revenue Act of 1932 as construed by the United States Supreme Court in *United States* v. *Pelzer*, 312 U. S. 399, and *Ryerson* v. *United States*, 312 U. S. 405; and that petitioner is not entitled to any exclusions in respect of such gifts. Section 504 (b) reads in part as follows:

\* \* \* In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts \* \* \* shall not \* \* \* be included in the total amount of gifts made during such year.

In article 11 of Regulations 79 (1936 Edition) "future interests" are said to include:

\* \* \* reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. \* \* \*

The above provisions of the regulations were given approval by the Supreme Court in *United States* v. *Pelzer, supra*. In that case there were gifts in trust to the donor's 8 living grandchildren and for any other grandchildren later to be born. The trustee was to accumulate the income for 10 years and thereafter pay it to the living grandchildren as they attained the age of 21 years in equal shares for life. There were provisions for gifts over of any deceased grandchild's share of distributable income. The trust was to continue for 21 years

after the death of the last survivor of the named grandchildren, when the corpus and accumulated income were to be distributed to the surviving grandchildren (both named and unnamed), or the heirs of any deceased grandchild per stirpes. The Court held that the gifts made under the trust agreement were gifts of future interests within the meaning of section 504 (b) above. Quoting from the committee reports recommending the enactment of section 504 (b) and from the Commissioner's regulations referred to above, the Court in its opinion said:

We think that the regulations, so far as they are applicable to the present gifts, are within the competence of the Commissioner in interpreting § 504 (b) and effect its purpose as declared by the reports of the Congressional committees, and that the gifts to the eight beneficiaries of the 1932 trust were gifts of future interests which are excluded from the benefits of that section. Here the beneficiaries had no right to the present enjoyment of the corpus or of the income and unless they survive the ten-year period they will never receive any part of either. The "use, possession or enjoyment" of each donee is thus postponed to the happening of a future uncertain event. The gift thus involved the difficulties of determining the "number of eventual donees and the value of their respective gifts" which it was the purpose of the statute to avoid.

The principal distinction between the instant case and the *Pelzer* case is that here the distribution of the trust income to the donees was to commence immediately within the year of the creation of the trust, rather than 10 years later, as in the *Pelzer* case. In other words, upon the creation of the trust each grandchild received an immediate right to a proportional share of the income from the $29,662.49 trust fund for a definite number of years, depending on his or her age at the date of the gift. We think that this right to receive such income was a gift of a present rather than a future interest.

In the *Pelzer* case the Court pointed out that the beneficiaries there had no right to the present enjoyment of the corpus or the income and would never receive any of the income or the corpus unless they survived the 10-year period. The beneficiaries here had the right to the present enjoyment of the income. This right was to continue until each beneficiary should attain the age of 25 years.

In *J. Willis Gardner*, 41 B. T. A. 679, there was a gift in trust, the income to be paid to the beneficiary for 25 years or for life, whichever was the shorter period, when the corpus also was to be paid to the beneficiary if still living. We held, sustaining the Commissioner's determination, that the exclusions to which the donor was entitled on account of the gift were limited to the present value of the right of the beneficiary to receive the income of the trust for a period of 25 years. As to the corpus, we held that the gift was of a future interest.

Likewise, in *Leopold E. Block*, 41 B. T. A. 830, the gift of the income of a trust fund for life was held to be a gift of a present interest,

in respect of which the donor was entitled to a $5,000 exclusion. See also *Edith Pulitzer Moore*, 40 B. T. A. 1019.

Here, we think that there were gifts to the six grandchildren of a present interest in the income of the trust. The amount of each of such gifts was the present worth of the right to receive one-sixth of the income of the trust fund of $29,662.49 for the period during which it was to be paid to the donee.

We think that under the decision of the Supreme Court in the *Pelzer* case the gifts of the remainder interests, that is, the corpus of the trust, were gifts of future interests. The receipt of these gifts by the beneficiaries of the trust was contingent upon their attaining the age of 25 years. If any grandchild should die before that time, without issue, his or her share was to go to the survivors or their issue. There was no certainty whether, or to what extent, any of the beneficiaries would take upon final distribution of the corpus of the trust.

The respondent makes the argument that the gifts to the beneficiaries were gifts of "future interests" because the beneficiaries would receive no distribution until December 20 of each year. The argument of the respondent appears to be that since the income of the trust to be collected by the trustee was not to be paid over to the beneficiaries until December 20, the beneficiaries did not have the "use, possession, or enjoyment" of the income from the date of the creation of the trust. Under this interpretation of the law a gift to the beneficiary of a trust would necessarily be of a future interest unless the beneficiary had the right to demand from the trustee his share of the income of the trust as it was received, month by month, or day by day.

We do not think that this is a correct interpretation of the statute. We think that where the trust instrument provides that the income of the trust shall be distributed to the beneficiary annually or oftener the gift of the income is not a gift of a future interest.

Reviewed by the Board.

*Decision will be entered under Rule 50.*