### ARTHUR C. STIFEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100001.   Promulgated March 10, 1942.

*H. A. Mihills, C. P. A.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

#### OPINION.

MELLOTT: This proceeding was submitted upon a stipulation of facts, which are found accordingly. Subsequently the parties have made concessions, making it unnecessary to determine all of the issues raised in their amended pleadings. The deficiency originally in issue—a deficiency in gift tax for the year 1938 in the amount of $6,525—was paid March 4, 1940, to the collector of internal revenue for the district of West Virginia, subsequent to the filing of the petition (Sept. 12, 1939) and is no longer in issue. The present controversy involves respondent's claim for an increased deficiency. Petitioner concedes some increase should be allowed. The sole issue is whether the $5,000 exclusions to be allowed are five, as respondent originally determined, or three as he now contends. The increased deficiency, therefore, will be computed either as conceded by petitioner or as requested by respondent. The following schedule reflects the two alternatives:

|  | Column I | Column II | Column III |
| --- | --- | --- | --- |
|  | Reported by petitioner | Now conceded by petitioner | Contended by respondent |
| Total gifts 1938 other than charitable, etc | $476, 698. 88 | $476, 698. 88 | $476, 698. 88 |
| Less exclusions | 55, 000. 00 | 25, 000. 00 | 15, 000. 00 |
|  | 421, 698. 88 | 451, 698. 88 | 461, 698. 88 |
| Net gifts preceding year | 475, 692. 48 | 490, 692. 48 | 490, 692. 48 |
|  | 897, 391. 36 | 942, 391. 36 | 952, 391. 36 |

The two $5,000 exclusions in issue are claimed by petitioner to be proper under section 504 (b) of the Revenue Act of 1932.[1] If the gifts in trust made by the donor in the taxable year for the benefit of his two grandsons were gifts of present interests in property then an increased deficiency, based upon the amounts shown in column II of the above schedule, results; if they were gifts of future interests in property then the increased deficiency is to be computed on the basis of the amounts shown in column III. Inasmuch as the two trust instruments are identical (except for the names of the beneficiaries and the property conveyed in trust) it will be sufficient for present purposes to discuss but one of them.

Article first of the trust created by petitioner on March 31, 1938, (Exhibit 3) and to which petitioner made a gift of securities having a value of $9,468.75, is as follows:

FIRST: One-third of the principal of the Trust Fund shall be paid by the Trustee to Arthur C. Stifel, III, grandson of the Trustor, when he arrives at twenty-one (21) years of age, one-third when he arrives at twenty-five (25) years of age, and one-third when he arrives at thirty (30) years of age. Until he arrives at twenty-one (21) years of age, the Trustee shall apply the net income from the Trust Fund, quarterly in as nearly equal installments as practicable, to the use of Arthur C. Stifel, III, for his proper education, care, comfort and support. The Trustee shall make payments of income applicable to the use of the said Arthur C. Stifel, III, during such period to his father, Arthur C. Stifel, II, whose receipts for the payments so made shall operate as a complete discharge therefor as to said Trustee. If the said Arthur C. Stifel, II, should die, then the Trustee shall apply the income from the Trust Fund for the proper education, care, comfort and support of the said Arthur C. Stifel, III, in such a manner as to it in its unlimited discretion seems advisable. Upon the arrival of the said Arthur C. Stifel, III, at twenty-one (21) years of age and until he arrives at thirty (30) years of age, the Trustee shall apply the income from the Trust Fund for the proper education, care, comfort and support of the said Arthur C. Stifel, III, in such a manner as to it in its unlimited discretion seems advisable. If the said Arthur C. Stifel, III, should die before arriving at the age of thirty (30) years, that part of the Trust Fund remaining undistributed shall be held for the use and benefit of the said Arthur C. Stifel, II, for a period of five (5) years next ensuing, during which period the Trustee shall pay to the said Arthur C. Stifel, II, quarterly in as nearly equal installments as practicable, the income from the Trust Fund. At the end of said five-year period, the Trustee shall pay to the said Arthur C. Stifel, II, all of the Trust Fund. If the said Arthur C. Stifel, II, should die during the said five-year period, then that part of the Trust Fund which he would have received had he not so died, shall pass as intestate property of the Trustor, according to the laws of West Virginia then

[1] SEC. 504. NET GIFTS.

\* \* \* \* \* \* \*

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

in force. Likewise, if the said Arthur C. Stifel, III, should die before arriving at thirty (30) years of age, having been predeceased by the said Arthur C. Stifel, II, then that part of the Trust Fund which the said Arthur C. Stifel, II, would have received had he not thus predeceased the said Arthur C. Stifel, III, shall pass as intestate property of the Trustor, according to the laws of West Virginia then in force.

The beneficiary was born November 3, 1937, and was less than five months old when the gift in trust was made. (The other grandson was two years of age when the gift in trust for his benefit was made.) The parties have stipulated "that the provisions of Paragraph 7 of Article 19 of the Commissioner's Regulations 79 and Table A referred to therein are to be considered by the Board of Tax Appeals as determinative of the method of computing the value of annuities and life interests." In petitioner's rebuttal brief it is stated: "* * * on a 4% basis the present value of an annuity for life, payable quarterly, for Arthur C. Stifel III, aged less than one year at March 31, 1938 and of an annuity for life for [the other grandson] aged two years at March 31, 1938 would be $5,661.34 and $7,081.03 respectively, (Table A of Article 19). The present value of an annuity for twenty-one (21) years for [this grandson] and nineteen (19) years for [the other], if it is assumed that the gift of the income ends, or at least becomes less, since one-third of the principal is distributable to the beneficiary at his arriving at twenty-one (21) years of age, is $5,392.61 and $5,048.50 respectively * * *." The correctness of these computations is not questioned by respondent. We think it may therefore be assumed for present purposes that the gifts in trust for the benefit of the donor's grandsons, if of present interests in property, had a value in excess of $5,000 each.

Was the gift in trust for the benefit of Arthur C. Stifel, III, a gift of a future interest in property? Cases decided by the courts and this Board prior to the decisions of the Supreme Court in *United States* v. *Pelzer*, 312 U. S. 399, *Helvering* v. *Hutchings*, 312 U. S. 393, and *Ryerson* v. *United States*, 312 U. S. 405, are not particularly helpful. We will therefore confine our discussion to these cases and those decided subsequently.

In the *Pelzer* case the Court approved the regulation of the Treasury Department defining a future interest as one "whether vested or contingent, limited to commence in use, possession or enjoyment at some future date or time." Since the beneficiaries "had no right to the present enjoyment of the corpus or of the income" and since they would never receive any part of either unless they survived the ten-year period and were then members of the class, the Court held that the gifts were of "future interests." In the *Ryerson* case it was held that the beneficiaries had but "future interests in property" where the enjoyment

of the trust fund by them was postponed until such time as they, in their capacity as trustees, should join in the exercise of a power.

Since the submission of the instant proceeding several Circuit Courts of Appeal have had occasion to apply the rationale of the three Supreme Court cases. In *Welch* v. *Paine* (C. C. A., 1st Cir.), 120 Fed. (2d) 141, the property originally placed in trust was to be held by the trustee for the sole benefit of named minor children in stated proportions, the income to be accumulated and paid, with the principal, to the beneficiaries at age 21, and, in the case of the death of a beneficiary, to his heirs at the date when he would have become 21 years of age. The trustee was empowered to advance to the beneficiaries or for their benefit such sums as he, in his absolute discretion, should deem necessary or advisable for their support, maintenance, or education. The gifts were held to be of future interests. Property subsequently placed in trust, under a provision authorizing the trustee to pay it over to the children in such proportions and at such times as he might determine or to hold and accumulate it for their benefit, were held to be "more clearly gifts of future interests", the court pointing out that: "The payment of such income is not merely postponed, for accumulation and eventual payment, along with principal, to the beneficiaries in equal shares; rather, the taxpayer reserves the power in his sole discretion to allocate and pay over the income to the beneficiaries in such proportions as he may determine, or to accumulate it."

In *Helvering* v. *Blair* (C. C. A., 2d Cir.), 121 Fed. (2d) 945, a grantor conveyed funds to two trusts for the life of the longer liver of his wife and youngest child. Under one of the trusts his two sons, as trustees, during the wife's life, had the power to distribute the trust income among the wife and the children in such proportions as they might deem proper and under the other trust they had a similar discretionary power so long as they continued to act as trustees. The court held that the interests of the beneficiaries were future.

*Commissioner* v. *Taylor* (C. C. A., 3d Cir.), 122 Fed. (2d) 714, involved a trust created by the grantor for the benefit of four nephews and nieces, the instrument directing the trustees to divide the principal of the trust into four equal shares and hold it for the benefit of the named children. The income from each share was to be paid to the designated child for his or her life; but the income until the child attained age 21 was to be accumulated until that time unless, "In the opinion of the Trustees, in their sole discretion" it should be needed for the proper education or support of the beneficiary during minority. The court (one judge dissenting) held that the gifts were of "future interests in property."

In *Hopkins* v. *Magruder* (C. C. A., 4th Cir.), 122 Fed. (2d) 693, the trustee, to whom insurance policies and stock had been trans-

ferred for the benefit of children of the settlor, was to divide the corpus of the trust into as many shares as there might be surviving children and groups or stocks of children at the time of the death of the settlor and continue to hold each share in trust, paying over the net income to each son until he attained the age of 21, at which time the corpus, in the discretion of the trustee, was to be paid to them. The court held that the trust instrument "conveyed a future interest" and that the lower court had erred in allowing as many $5,000 exclusions as there were children.

Under the trust before the court in *Commissioner* v. *Brandegee* (C. C. A., 1st Cir.), 123 Fed. (2d) 58, the trustees were given discretionary power to pay the net income, in equal shares, to the beneficiaries, and after payment of mortgages or obligations against property acquired, were required to pay the net income to the beneficiaries. The court recognized "that the gift of an immediate life interest in income is to be regarded as a present interest", but remanded the case to the Board to give the taxpayer opportunity to show, if such showing could be made, that the mortgages had been paid, thereby removing the option of the trustees to make payment of the income to the beneficiaries and requiring them to do so.

In *Commissioner* v. *Glos* (C. C. A., 7th Cir.), 123 Fed. (2d) 548, the trustee was directed to accumulate the income until the grantor's death, then to liquidate the estate as rapidly as his discretion should dictate, but within five years, and finally to distribute the proceeds to thirteen individual beneficiaries and four churches. The court pointed out that "the sole statutory distinction between present and future interest lies in the question of whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present", and, finding that the enjoyment of such rights was postponed, held that the gifts were of future interests.

One of the most recent expressions by this Board upon the subject is *Annie B. Smith*, 45 B. T. A. 948, in which many of the cases are analyzed and discussed. See also *Elizabeth H. Fisher*, 45 B. T. A. 958; *Rooke* v. *United States* (U. S. Dist. Ct. N. J.), —— Fed. Supp. —— (Nov. 13, 1941); and *Vogel* v. *United States* (U. S. Dist. Ct. Mass.), 42 Fed. Supp. 103.

The interested parties (the trustee and the fathers of the beneficiaries) construed the trust instruments as requiring that the trust income be paid over to the fathers for the benefit of their sons so long as the fathers should be alive. They are both alive and have received the income of the trusts. The construction seems clearly to be correct. Until the minor child "arrives at twenty-one (21) years of age, the Trustee shall apply the net income * * * to the use of [the minor] * * * for his proper education, care, comfort and support. The trus-

tee shall make payments of income applicable to the use of [the minor] during such period to his father * * *." Payment of the income being mandatory and the trustee having no discretion whether it should be paid or accumulated, the rule applied in *Annie B. Smith*, *supra*, and some of the other cases cited above is not applicable. *Elizabeth H. Fisher*, *supra*, however, is almost on all fours. There, as here, "upon the creation of the trust each grandchild received an immediate right to a proportional share of the income from the * * * trust fund * * *." We held that "this right to receive such income was a gift of a present rather than a future interest." We think the same conclusion should be reached in the instant proceeding.

Petitioner is entitled to five exclusions of $5,000 each in computing his gift tax for the year 1938.

*Decision will be entered under Rule 50.*