FRANK T. QUATMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 973–69.    Filed February 24, 1970.

*Roger K. Powell* and *Ralph W. Weimer*, for the petitioner.
*Larry L. Nameroff*, for the respondent.

#### OPINION

QUEALY, *Judge:* The Commissioner determined a deficiency of $1,839.60 in the Federal gift tax of Frank T. Quatman for the calendar year 1964.

The issue presented for decision is whether a gift made by petitioner Frank T. Quatman in trust for the benefit of his four children was a gift of a future interest.

The facts have been stipulated. The stipulation of facts and exhibits thereto are incorporated herein by this reference.

At the time his petition was filed, petitioner was a legal resident of Lima, Ohio. He filed his Federal gift tax return for 1964 with the district director of internal revenue, Cleveland, Ohio.

In 1964 petitioner conveyed 160 acres of Ohio farm property to his brother, as trustee, for the benefit of his four children aged 22, 20, 17, and 8. With respect to the management of the property the trust instrument provided:

The Trustee shall manage and care for said premises and property, collect the rents, issues and profits, pay all taxes and assessments, insure and keep insured all buildings thereon, maintain said buildings in good repair, and otherwise manage the same as he may in his discretion think fit. * * * My said Trustee shall have full power and authority to borrow money in order to accomplish the purposes of the trust and, if necessary, to pledge the assets of the trust against said borrowings.

With respect to the distribution of income, the trust instrument provided:

My said Trustee shall distribute the net income, if any, received from the operations and management of the corpus of the trust to the beneficiaries thereof not less often than annually. Said distributions shall be divided equally between my children: * * *. Having in mind that the premises herein conveyed is farm land and that my said Trustee in the management and operation of the farm business will from time to time be required to reinvest income for various purposes, my said Trustee shall have the sole determination by what accounting method net income shall be determined.

With respect to the termination of the trust, the instrument provided:

>When the last of my said children shall have attained the age of 21 years all of said beneficiaries shall be entitled, and my Trustee is directed, to pay over to them their proportionate share of the accumulated income and corpus of the trust estate. Should any of the beneficiaries of the trust die before final distribution is to be made, then in that event, the share that such beneficiary might otherwise be entitled to receive, shall be paid to the living children of said deceased beneficiary and should there be no living children of said deceased beneficiary, then the share that such beneficiary would otherwise receive, shall pour over and become a part of the general corpus. Provided, however, that any beneficiary may during their lifetime appoint the whole or any part of their proportionate share of their corpus of said trust to such person or persons, including his or her estate, in such proportions and in such manner as he or she may direct, without restriction of any kind. * * *

In addition, the instrument contained a spendthrift clause.

The petitioner reserved no power to alter, amend, revoke, or terminate the trust. The trustee was given the power to dispose of the farm property and to invest the proceeds in securities of the type which fiduciaries are permitted to purchase under Ohio law. The income beneficiaries were given the power to settle and adjust the trustee's account of his acts and transactions with respect to the income and principal of the trust estate. Upon the account being settled and adjusted to the satisfaction of the beneficiaries, it was to be considered final and the trustee was to be released from further accountability. The instrument provided, further, that legal jurisdiction of the trustee in his management of the trust was vested in the Probate Court of Allen County, Ohio.

In his 1964 gift tax return petitioner valued the farm property at $48,000. He claimed $12,000 as exclusions and $680 as a specific exemption, leaving a taxable gift for the year of $35,320. The Commissioner disallowed the four exclusions totaling $12,000 and thus increased the total taxable gift to $47,320.

The notice of deficiency explained the disallowance of the claimed exclusions as follows: "the beneficiaries did not receive an immediate unrestricted right to the use, possession or enjoyment of all of the income of the trust."

The respondent's position, as stated in his brief, is that no exclusions can be allowed for the beneficiaries' interests in corpus as the beneficiaries did not have present interests in the corpus; and further, that no exclusions can be allowed for the beneficiaries' interests in the income of the trust either because no present interests in the income of the trust existed in the beneficiaries, or that if some present income interests did exist at the time of the gift, the value of such interests

could not be reasonably ascertained. The respondent does not argue that the subject of the gift was non-income-producing property.

It is the petitioner's position that the beneficiaries' right to exercise their general power of appointment with regard to their share of the trust corpus created gifts of present interest; and further, that each beneficiary's right to a share of the net income of the trust was a present interest, the value of which can be determined by the application of the respondent's actuarial tables to the value of the farmland as stated in the gift tax return.

Section 2503(b) [1] of the Code [2] provides that the first $3,000 of gifts to any person during a calendar year shall not be included in the total amount of gifts made during such year. Such exclusion, however, is limited to gifts other than gifts of future interests in property. Section 25.2503-3, Gift Tax Regs., defines a future interest, for the purposes of section 2503(b), as an interest or estate which is limited to commence in use, possession, or enjoyment at some future date or time. *Fondren* v. *Commissioner*, 324 U.S. 18 (1945); *Commissioner* v. *Disston*, 325 U.S. 442 (1945).

The transfer of property in trust under an agreement deferring the the distribution of principal is to be viewed, for Federal gift tax purposes, as a twofold transfer creating one interest in the income and another in the principal. *Herrmann's Estate* v. *Commissioner*, 235 F. 2d 440 (C.A. 5, 1956), affirming a Memorandum Opinion of this Court. This concept of separate interests applies when gifts of trust income and corpus are to the same person. *Wisotzkey* v. *Commissioner*, 144 F. 2d 632 (C.A. 3, 1944), affirming a Memorandum Opinion of this Court; *Fisher* v. *Commissioner*, 132 F. 2d 383 (C.A. 9, 1942), affirming 45 B.T.A. 958 (1941); *Charles* v. *Hassett*, 43 F. Supp. 432 (D. Mass. 1942). Thus, we must consider whether either or both of such separate interests transferred to each of the beneficiaries in the instant case are present interests to which the exclusion applies.

The mere fact that the distribution of corpus is postponed is enough to make that gift a future interest. *Fisher* v. *Commissioner*, *supra*. Plainly, in the instant case, the provision for a distribution of corpus at the time "When the last of my said children shall have attained the age of 21 years" required a postponement of any distribu-

---

[1] SEC. 2503. TAXABLE GIFTS.

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

[2] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

tion of corpus to the beneficiaries. As the interests the beneficiaries had in the corpus of the trust were limited to commence in use, possession, or enjoyment at some future date or time, they received only a future interest in the corpus. *Commissioner* v. *Disston, supra; Fisher* v. *Commissioner*, 288 F. 2d 574 (C.A. 3, 1961), affirming a Memorandum Opinion of this Court.

While recognizing this rule, the petitioner nevertheless contends that the general power of appointment exercisable with respect to the corpus of the trust by the beneficiaries converted what might otherwise be future interests into present interests, citing *Crummey* v. *Commissioner*, 397 F. 2d 82 (C.A. 9, 1968), reversing in part a Memorandum Opinion of this Court; and *Gilmore* v. *Commissioner*, 213 F. 2d 520 (C.A. 6, 1954), reversing 20 T.C. 579 (1953).

In *Crummey* v. *Commissioner, supra*, and *Gilmore* v. *Commissioner, supra*, it was recognized that a provision in a trust giving the beneficiaries the power to demand immediate possession and enjoyment of corpus or income may give rise to a present interest. The question in *Crummey* v. *Commissioner, supra*, was whether minor beneficiaries could effectively exercise the right given them in the trust instrument to make a demand for a portion of the corpus of the trust. The question in *Gilmore* v. *Commissioner, supra*, was whether the provisions giving the trustee the power to invest the trust corpus in non-income-producing property, as well as a spendthrift clause, eliminated the right of the beneficiaries to demand payment of principal and income given them in the prior provision of the instrument.

Clearly the trust instrument with which we are here concerned did not give any one of the beneficiaries the immediate right to terminate the trust, insofar as he was concerned, by making a demand for a distribution of part of the corpus. Thus we are not concerned with whether such power, if given, could be effectively exercised by minor beneficiaries, or vitiated by a spendthrift clause.

The right to demand a distribution of corpus did not exist in the instant case. The beneficiaries could not obtain the corpus until the termination of the trust. That future interest was not converted into a present interest as a result of the power given the beneficiaries to dispose of their share of the corpus by exercise of the power of appointment.[3] See *Alma S. Hay*, 47 B.T.A. 247 (1942); *Chanin* v. *United States*, 393 F. 2d 972 (Ct. Cl. 1968). In *Alma S. Hay, supra* at 251, this Court said:

It seems evident that, since "future interests" unquestionably include even vested remainders, * * * a form of property which is readily transferable, the

---

[3] As we have found that the beneficiaries' unrestricted right to dispose of their interests in corpus by appointment would not convert their interests into present interests, we do not have to consider whether the spendthrift clause placed a restriction on their power to appoint their interests.

mere power to realize some present benefit by an immediate disposition of a beneficiary's interest will not suffice to convert an enjoyment which the donor has cast into the form of a postponed expectancy into a true present interest. The mere power of present disposition cannot be the test, or at least such estates as vested remainders would be present interests. "The sole statutory distinction between present and future interests lies in the question of whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present," *Commissioner* v. *Glos* (C.C.A., 7th Cir.), 123 Fed (2d) 548.

Petitioner also relies on section 2503(c)[4] of the Code and the regulations thereunder in support of his view that the general power of appointment was sufficient to give the minor beneficiaries present interests in the corpus of the trust. These provisions are of no assistance to the petitioner. Section 2503(c) is not applicable unless there is the express authorization in the trust instrument that the trustee may expend the principal for the benefit of the minor beneficiaries, *Commissioner* v. *Thebaut*, 361 F. 2d 428 (C.A. 5, 1966), affirming in part and reversing in part a Memorandum Opinion of this Court; or unless the trust agreement establishes a guardianship. *Ross* v. *United States*, 348 F. 2d 577 (C.A. 5, 1965), reversing 226 F. Supp. 333 (S.D. Tex. 1963). The trust instrument in the instant case did not establish a guardianship, nor did it provide for any method by which the trustee could expend the principal for the benefit of the minor beneficiaries prior to the termination of the trust.

There remains for decision the question whether there was a gift of a present interest in the income of the trust, which would qualify for the gift tax exclusion. That is, did the beneficiaries have an unrestricted right to the current enjoyment of the income of the trust which was susceptible of evaluation? In our opinion, the trust instrument granted such a right to the beneficiaries and their interests can be valued under the tables provided by the respondent in section 25.2512–5, Gift Tax Regs.

The regulations[5] recognize that an unrestricted right to the immediate enjoyment of the income from property is a present interest. By the terms of the trust the trustee was required to distribute "the net income, if any, received from the operations and management of the

---

[4] SEC. 2503(c). TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

[5] Sec. 25.2503–3(a).

corpus of the trust to the beneficiaries thereof not less often than annually."

The trustee did not have the power to accumulate income as in *United States* v. *Pelzer*, 312 U.S. 399 (1941). Nor was the trustee given discretionary power to distribute or accumulate income as in *Fondren* v. *Commissioner*, *supra;* and *Commissioner* v. *Disston*, *supra*. In the case before this Court, the trustee was directed to distribute "net income" not less often than annually. This provision gave both the adult and minor [6] beneficiaries an immediate and present interest in such income. See *Elizabeth H. Fisher*, 45 B.T.A. 958 (1941), affd. 132 F. 2d 383 (C.A. 9, 1942); *Commissioner* v. *Lowden*, 131 F. 2d 127 (C.A. 7, 1942), affirming a Memorandum Opinion of this Court; *Alfred D. Edwards*, 46 B.T.A. 815 (1942), affirmed on another issue 135 F. 2d 574 (C.A. 7, 1943). While the trustee was only required to make annual distributions, it is evident from a consideration of the nature of the corpus that net income could not be determined on an annual basis. See *Commissioner* v. *Lowden*, *supra*. Unless otherwise restricted by the trust instrument, it was thus clearly contemplated that the beneficiaries would have the right to the current distribution of income,[7] if there should be any income. We do not find any restrictions in the trust instrument which would derogate from that right.

The respondent's main argument to the contrary is that the trustee was empowered to withhold and accumulate income because the trust instrument stated that, having in mind the nature of the property, the "Trustee shall have the sole determination by what accounting method net income shall be determined." In our opinion, this provision does no more than grant discretion to the trustee to rely in his trust accounting on whatever method of accounting the trustee adopts for income tax purposes.

Under the Internal Revenue Code, there are special provisions governing the accounting for income and deductions attributable to farming, e.g., sections 61, 162, 175, 180, and 446. At the outset, there is the election to report income on the cash receipts and disbursement basis or on the accrual basis of accounting. The trust instrument properly allows the trustee discretion to elect either method of accounting and provides that the method elected shall be used in determining the income of the trust currently attributable to the benefi-

---

[6] Where a trustee is directed to pay over the income from a trust to a minor, the minor has a present right to the income from the trust which is a present interest qualifying for the exclusion. *Arthur C. Stifel*, 46 B.T.A. 568 (1942). See also the cases cited at Lowndes & Kramer, Federal Estate and Gift Taxes, sec. 33.11, fn. 20 (2d ed. 1962). The respondent does not argue to the contrary.

[7] On termination, the trust instrument directed that the accumulated income of the trust estate was to be paid over to the beneficiaries. We construe this to mean simply the undistributed income accrued during the last year of the trust. See *Albright* v. *United States*, 308 F. 2d 739 (C.A. 5, 1962).

ciaries. This does not give the trustee discretion to treat a capital expenditure as a charge against income nor to capitalize expenses which should properly be charged to income. Once the trustee has exercised his discretion and adopted an accounting method, the trustee could be held by the beneficiaries to a distribution of income as determined under such method.

The trustee was specifically directed to pay all taxes and assessments on the property, insurance on the farm buildings, and repairs necessary to maintain the buildings in good repair. These directions gave the trustee the ordinary powers that would be implied even without express provisions in the trust deed, to withhold a reasonable amount of income to meet anticipated expenses which were properly chargeable to income. Restatement (Second), Trusts, sec. 182, comment b; Bogert, Trusts and Trustees, secs. 803, 804, and 807 (2d ed. 1962).

*Howe* v. *United States*, 142 F. 2d 310 (C.A. 7, 1944), certiorari denied 324 U.S. 841 (1945), rehearing denied 324 U.S. 886 (1945), cited by the respondent, is distinguishable. In *Howe* v. *United States*, *supra*, the trustee was given the specific power to spend $3,000 from trust income on a building program and was directed to make distributions of income "from time to time." In the instant case, the trustee was given only the power to make the repairs necessary to maintain the trust property in good repair. He had no authority to make capital improvements. Further, the trustee was required to distribute any net income not less often than annually.

It is clear to us that the income beneficiaries received a substantial present interest under the trust [8] and that the powers given the trustee were administrative and managerial in character and, if properly exercised, could not deprive the income beneficiaries of their present interests. See *Frances Carroll Brown*, 30 T.C. 831 (1958).

Respondent contends that if the income interests are present interests, the exclusions are nevertheless unallowable because such interests are incapable of valuation. He cites, in support of this contention, *Fischer* v. *Commissioner*, *supra;* and *Van Den Wymelenberg* v. *United States*, 397 F. 2d 443 (C.A. 7, 1968), certiorari denied 393 U.S. 953 (1968). His argument is that the trustee was authorized and empowered to expend income which would normally have been distributed to the beneficiaries and therefore the value of the income interests cannot be reasonably ascertained.

As we have stated previously, the proper exercise of the powers granted the trustee would not deprive the beneficiaries of their pres-

---

[8] The respondent has ruled that where a gift of income is otherwise a present interest, it will not be held to be a future interest solely because of the inclusion in the trust instrument of a spendthrift provision. See Rev. Rul. 54-344, 1954-2, C.B. 319.

ent right to the income. The beneficiaries were given the power to settle and adjust the trustee's account. The trust provided that legal jurisdiction of the trustee in his management of the trust was vested in a State probate court. Thus the beneficiaries could keep the trustee from exercising powers not authorized under the trust instrument. See Ohio Rev. Code Ann. sec. 2101.24 (Page 1968). The cases cited by the respondent involve a different state of facts. In *Fischer* v. *Commissioner, supra*, the trustee was given the power to make capital improvements, acquire non-income-producing property, and to charge any and all sums against principal or income. In *Van Den Wymelenberg* v. *United States, supra*, the trustee was given broad powers to determine whether any money or property received by the trust was to be part of income or principal, and to apportion between the principal and income any loss or expenditure which might be incurred. In the case before the Court, the trustee did not have such powers.

Petitioner claims the right to value the present income interests by application of the respondent's regulations. Respondent does not contest this right in his brief. There is no dispute as to the value of the property. The petitioner valued the farm at $48,000 and the respondent based his recomputation of tax on that value.

Section 2512(a) of the Code provides that a gift of property shall be valued for tax purposes as of the date of the gift. In section 25.2512 of the regulations the respondent has defined such value generally and specifically with respect to particular kinds of property. Subsection 5 deals with the valuation of annuities, life estates, terms for years, remainders, and reversions. Subparagraph (a)(2) provides that the value of a term of years is computed by use of Table II in paragraph (f). Paragraph (c) provides that if the interest to be valued is the right to receive income of property or to use non-income-producing property for a term of years, the value of the interest is the value of the property multiplied by the figure in column 3 of Table II opposite the number of years of the term. Where a trust, such as the trust before us in the instant case, sets the term of enjoyment of the income interest of each beneficiary by reference to the time when the last of the beneficiaries reaches a specific age, the interest of each beneficiary is to be valued by reference to that period. *Leonard Rosen*, 48 T.C. 834, 846 (1967), reversed on other grounds 397 F. 2d 245 (C.A. 4, 1968); *Fisher* v. *Commissioner, supra*.

Petitioner is entitled to each of the claimed annual exclusions to the extent of the value of each income beneficiary's interest so established, or $3,000, whichever is the lesser.

*Decision will be entered under Rule 50.*