Warren Spannaus, Atty. Gen., Richard G. Mark, Asst. Atty. Gen., Richard G. Evans, Special Asst. Atty. Gen., St. Paul, Harlan L. Nelson, County Atty., Fergus Falls, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated assault, Minn.St. 609.225, subd. 1, and was sentenced by the trial court to a maximum of 10 years in prison. On this appeal from judgment of conviction, defendant does not challenge the sufficiency of the evidence but contends that he should be granted a new trial because of the allegedly improper admission of certain rebuttal testimony, and because of an arguably improper statement by the prosecutor in his closing argument. Defendant, by his failure to object, waived these issues and accordingly we do not reach them.

Affirmed.

Elizabeth T. LINDSAY, Respondent,

v.

COMMISSIONER OF REVENUE, Relator.

No. 46890.

Supreme Court of Minnesota.

April 22, 1977.

Warren Spannaus, Atty. Gen., James W. Neher, Spec. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for relator.

Lindquist & Vennum and John A. Forrest, Minneapolis, for respondent.

OPINION

ROGOSHESKE, Justice.

The single issue on this review by certiorari of a decision of the Tax Court of Appeals concerns the method of valuing the present interests of five cash gifts placed in identical trusts for the purpose of determining the amount of the annual gift tax exclusion under Minn.St. 292.04(6). By the terms of the trust instruments, each beneficiary was entitled to receive trust income distributions at least annually and, upon reaching age 30, had the right to demand the principal. The tax court held that each beneficiary's present interest in trust income should be computed as an interest for life rather than for a term certain to age 30, as had been ordered by the commissioner. We hold that the commissioner's order is the proper method of computation and reverse.

In 1969, taxpayer-donor, Elizabeth T. Lindsay, placed $3,000 into each of six individual trusts established for the benefit of her grandchildren. The trustee was directed by the terms of each trust to distribute the income and principal in the following manner:

"1. Until the termination of the trust or the death of the primary beneficiary, the net income from the trust shall be distributed to or for the benefit of the primary beneficiary of the trust in quarterly or other convenient installments but at least annually.

"2. The trustee may in its sole discretion pay to or apply directly for the benefit of the primary beneficiary from time to time such sums from the principal of the trust estate as the trustee deems necessary or advisable to provide for the care, maintenance, support and education of the primary beneficiary and to assist the primary beneficiary in any other worthwhile purpose.

"3. Upon the primary beneficiary attaining the age of thirty (30), the trustee

shall pay over that portion or all of the trust principal to the primary beneficiary as directed by the primary beneficiary in writing."

In her 1969 gift tax return, the present interest in trust income, which the commissioner concedes qualifies for exclusion under § 292.04(6), was computed by the donor as an income interest for life. The commissioner disapproved of this computation and ordered the present interest to be computed as an income interest for a term certain to age 30. The donor-taxpayer appealed to the Tax Court of Appeals, which, without a discernible basis therefor, reversed the commissioner's method of computation and approved the taxpayer's.[1]

Although the amount of the tax in dispute is minimal ($166.41), the commissioner's appeal is provoked by his concern that the tax court's decision, which he regards as incorrect as a matter of law, will be used to determine precedent in future similar cases. Regrettably, but quite understandably, the taxpayer filed no brief on this appeal, and we therefore rely upon the written argument she advanced before the tax court.

For the purpose of the annual gift tax exclusion, § 292.04(6) permits exclusion of the following:

"The first $3,000 in value of gifts (other than of future interests in property) made to any person by the donor during any calendar year. * * *"

Since we have not previously been confronted with the construction and application of this statute where gifts in trust of both a present and future interest are made, we look to Federal decisions construing 26 U.S.C.A. § 2503(b), as it read before 1970, which provides:

"In the case of gifts (other than gifts of future interests in property) made to any person by the donor * * * the first $3,000 of such gifts to such person shall not * * * be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person."

■ The parties agree that both § 292.-04(6) and the Federal statute are clearly intended to permit annual exclusions of up to $3,000 in value as to gifts of only present interests in property. When a donor makes a gift in trust and specifies that the beneficiary is to receive payment of trust income in the calendar year of the gift and periodically thereafter, with payment of the principal deferred to a later time, the gift of trust income is a gift of a present interest while the remainder is a future interest. The creation of these two interests for gift tax purposes was recognized by the United States Supreme Court in *Fondren v. Commissioner of Internal Revenue*, 324 U.S. 18, 21, 65 S.Ct. 499, 501, 89 L.Ed. 668, 674 (1945):

"* * * [I]f the income of a trust is required to be distributed periodically, as annually, but distribution of the corpus is deferred, the gift of the income is one of a present interest, that of the corpus one *in futuro*."

The net result is that only the present income interest qualifies for the exclusion, while no part of the remainder interest may be excluded on the donor's gift tax return. See, *Sensenbrenner v. Commissioner of Internal Revenue*, 134 F.2d 883 (7 Cir. 1943); *Fisher v. Commissioner of Internal Revenue*, 132 F.2d 383 (9 Cir. 1942); *Frank T. Quatman*, 54 T.C. 339 (1970); Cavitch, *Obtaining the Gift Tax Exclusion on Gifts in Trust: Drafting and Legislative Suggestions*, 51 Mich.L.Rev. 621.

---

1. The primary issue on the taxpayer's appeal was the review of the valuation for gift tax purposes of certain shares of stock in a close corporation, which shares were given by the taxpayer to one of her granddaughters. Although the commissioner does not agree with the tax court's valuation of this stock, a review of that determination was not sought in this appeal.

■ We first hold, as the commissioner also impliedly found, that the trustee's discretionary power to invade the principal of these trusts for the benefit of the beneficiaries, as provided for in paragraph 2 of the trust instrument quoted above, should have no effect on the valuation of the present interests. It is readily apparent that the trustee's exercise of such a power necessarily diminishes the income-producing potential of the trust principal and thereby decreases the value of the present income interest in the trust.[2] Nevertheless, the second sentence in previously quoted 26 U.S.C.A. § 2503(b), expressly states that such power "shall be disregarded * * * if no part of such interest will at any time pass to any other person." Although § 292.04(6) does not contain a similar provision, we believe that it would promote greater uniformity in the administration of this state's gift tax exclusion to accede to Federal practice.

■ The major issue raised here concerns the tax court's finding that the present interest created by each trust was to be valued as an interest for life as opposed to a term certain. When the taxpayer-donor was before the tax court, she argued that paragraph 1 of the trust instruments gave each beneficiary the right to receive trust income for life, that is, until "the death of the primary beneficiary." We find this argument unpersuasive. While it is true that this paragraph ostensibly gives each beneficiary a present interest in trust income "until * * * death," we hold that present-interest value should be determined with reference to that point in time when the future interest in the principal amount of the gift may become a present interest. Paragraph 3 sets that point in time by vesting in each beneficiary an unqualified right at age 30 to convert the future interest in the trust principal to a present interest. Such right, whether exercised or not, has every attribute of ownership. It necessarily follows, and we hold, that under the provisions of these trust instruments the proper method of computing the value of the present interest is to treat it as a term certain to age 30. *Fisher v. Commissioner of Internal Revenue, supra.*

In reaching this result, we are not unmindful of the fact that in some cases when a donor wishes to establish a trust which entitles the donee to income for a term certain and the principal thereafter, he will pay a heavier tax on a short-term trust than on one for a longer duration, even though the remainder is paid to the donee sooner under the short-term trust.[3] See, *Charles v. Hassett,* 43 F.Supp. 432 (D.Mass. 1942). This anomaly has, however, apparently been approved by the United States Supreme Court in *Fondren v. Commissioner of Internal Revenue, supra,* and again we believe that it would make more practical,

2. At one time this possibility caused Federal courts to deny any gift tax exclusion to the donor on the ground that the value of the beneficiary's present interest could not be calculated with certainty. See, *Evans v. Commissioner of Internal Revenue,* 198 F.2d 435 (3 Cir. 1952). This problem was eliminated in 1954 when 26 U.S.C.A. § 2503(b) was amended to the form quoted by adding the second sentence. See, also, Treas.Reg. § 25.2503–3(b).

3. To illustrate with facts analogous to this case, assume a donor establishes two trusts, one for the benefit of grandchild A and the other for grandchild B. Each trust has a principal of $3,000 and provides that the beneficiary is to receive the income until age 30 with the right to claim the principal thereafter. At the time the trusts are created, A is 25 years old and B is 15. Assuming that the present income interest of each trust is valued as an interest for a term certain, A's interest (income for 5 years) is worth $758, and the remainder is worth $2,242. Similarly, B's interest (income for 15 years) is worth $1,748, and the remainder is worth $1,252. (Calculations are based on Minn.St. 291.11, subd. 2, and 292.03, subd. 2; Treas.Reg. § 25.2512–9 Table B.) Since only present interests qualify for the exclusion, the donor will pay a higher tax on the gift to A than his gift to B, even though A is entitled to the principal of his trust 10 years sooner than B. Note, however, that this odd result only occurs because the shorter trust to A "wastes" more of the exclusion than the longer trust to B. Had the donor created each trust with a principal of $20,000, the present interests for both trusts would exceed $3,000, and the value of the taxable gift would be $17,000 in both cases. See, Bittker & Stone, Federal Income Estate and Gift Taxation (4 ed.) p. 1047.

if not legal, sense to treat the problem similarly under this state's tax law.

Reversed.

SHERAN, C. J., took no part in the consideration or decision of this case.