LLOYD M. RITLAND AND ELEANOR A. RITLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ritland v. Commissioner
Docket No. 23521-82.
United States Tax Court
T.C. Memo 1986-298; 1986 Tax Ct. Memo LEXIS 311; 51 T.C.M. (CCH) 1458; T.C.M. (RIA) 86298; July 21, 1986. Robert L. Huffer, for the petitioners. Rogelio A. Villageliu, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in petitioners' Federal gift taxes: Quarter Ended
Deficiency
December 31, 1979
$2,049.92
March 31, 1980
10,619.04
At issue is whether the annual gift tax exclusions (totaling $30,000 on each of the gift tax returns filed by petitioners for the calendar quarters in question) should be disallowed in full for the calendar quarter ended December 31, 1979, and reduced to $4,500, for each petitioner, for the calendar quarter ended March 31, 1980. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of *312 facts and attached exhibits are incorporated herein by this reference. Petitioners Lloyd Ritland (hereinafter Lloyd) and Eleanor Ritland (hereinafter Eleanor), husband and wife, resided in Story City, Iowa at the time the petition was filed in this case. Lloyd and Eleanor have three daughters, each of whom was married during the periods in issue, and four grandchildren. Petitioners' daughter Kia divorced her husband during 1981. Kia has no children. On December 21, 1979, a "living trust" (hereinafter "the trust") was established by Lloyd and Eleanor. Petitioners' three daughters were named as trustees and primary beneficiaries of the trust. The husbands and issue of petitioners' daughters were named as secondary beneficiaries. The trust instrument gave each daughter and her family a one-third interest in the trust. Income and corpus distributions were allowed at the sole discretion of the trustees, but unanimous approval by the trustees was required. [1] The trustees were authorized to withhold any income and principal from a beneficiary and in certain circumstances were required to withhold such from a beneficiary. [2] The trust instrument also allowed the trustees, in their *313 sole discretion, to return income from the trust to the grantors. [3] No provision of the trust instrument actually required that any distribution be made to any beneficiary prior to the termination of the trust. Further, the trust instrument provided that should a primary beneficiary die during the term of the trust, the principal and income remaining in her one-third interest in the trust was to be distributed to whomever she appointed by will. [4]
*314 During the periods in issue, petitioners made the following gifts to the trust: Date
Donor
Type of Asset
Value
Dec. 21, 1979
Lloyd
Farm Property
$163,840
Dec. 21, 1979
Eleanor
Farm Property
143,971
Jan. 3, 1980
Lloyd
Farm Property
94,495
On their gift tax returns for the calendar quarters ended December 31, 1979 and March 31, 1980, petitioners elected to have the above gifts treated as made one-half by each of them. On January 3, 1980, Eleanor also gave $3,000 directly to each of her daughters and their husbands, jointly, for a total gift of $9,000. On their gift tax returns for the calendar quarter ended March 31, 1980, petitioners also elected to have this gift treated as made one-half by each of them. On each of their gift tax returns for the calendar quarters in issue, Lloyd and Eleanor claimed ten $3,000 exclusions, one attributable to each of their three daughters, three sons-in-law, and four grandchildren. For the years 1980, 1981, 1982, and 1983, the trustees made distributions from trust income. The distributions in each of these years were made in three equal payments to or for the benefit of each of petitioners' daughters or *315 petitioners' daughters and sons-in-law, jointly. Fiduciary income tax returns, Forms 1041, filed by the trustees for these years, however, state that all distributions were made to petitioners' daughters. From the time of their divorce through 1983, the trust made no distributions to Kia's ex-husband. OPINION The only issue in this case is whether petitioners are entitled to the gift tax exclusions which respondent has disallowed. Section 2503(b)[5], as in effect during the periods in issue, [6] provided for the exclusion of up to $3,000 of gifts (other than gifts of future interests) to any person [7] during a calendar year. Therefore, in order for petitioners to be entitled to these exclusions they must have conferred upon each beneficiary of the trust a present interest worth at least $3,000 in each of the calendar quarters in issue. Petitioners concede that the interests of the beneficiaries in the principal of the trust were future interests. Therefore, we must examine the interests of the beneficiaries in the income of the trust to determine the amount, if any, of the present interests conferred upon them. Quatman v. Commissioner,54 T.C. 339, 341 (1970). *316 *317 Petitioners contend that the intent of the grantors must be considered in reviewing the trust instrument and that their intent was to give the beneficiaries the present use of the trust income. Petitioners point out that each of the trustees was also a beneficiary and that the trust did, in fact, distribute most of its income on an annual basis. They further contend that the provisions of the trust instrument controlling income distribution do not distinguish between primary and secondary beneficiaries. They conclude that the interests of the beneficiaries in the income of the trust are present interests. Respondent contends that the requirement of unanimous consent prior to distribution and the trustees' discretion with respect to distributions of income, accumulation of capital, and return of income to the grantors, demonstrate that the gifts in trust were gifts of future interests. Respondent also contends that the gifts are future interests because the number of eventual donees and the value of their gifts are uncertain. We agree with respondent that the gifts in trust were gifts of future interests. *318 Section 25.2503-3(a)(b), Gift Tax Regs., defines a present interest in property as "an unrestricted right to the immediate use, possession, or enjoyment of property or the income from property," and defines a future interest in property as "any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date." See also H. Rept. No. 708, 72d Cong., 1st Sess. (1932), 1939-1 C.B. (Part 2) 478; S. Rept. No. 665, 72d Cong., 1st Sess. (1932), 1939-1 C.B. (Part 2) 526. In deciding whether a gift made in trust constituted a future interest, the Supreme Court, in Fondren v. Commissioner,324 U.S. 18, 21 (1945), stated: [I]f income is to be accumulated and paid over with the corpus at a later time, the entire gift is of a future interest, although upon specified contingency some portion or all of the fund may be paid over earlier. The contingency may be the exercise of the trustee's discretion, either absolute or contingent. [Emphasis added.] In a later case, Commissioner v. Disston,325 U.S. 442, 449 (1945), *319 the Supreme Court explained: In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the [beneficiary] would be required, there is no basis for a conclusion that there is a gift of anything other than for the future. The taxpayer claiming the exclusion must assume the burden of showing that the value of what he claims is other than a future interest. * * * In Calder v. Commissioner,85 T.C. 713, 727-728 (1985), we held that Disston"requires the taxpayer to prove three things: (1) That the trust will receive income, (2) that some portion of that income will flow steadily to the beneficiary, and (3) that the portion of income flowing out to the beneficiary can be ascertained." It is clear that where distributions are subject to a contingency such as that spoken of in Fondren (i.e., *320 distributions which are contingent upon the exercise of the trustee's discretion), the taxpayer generally will not be able to show that some portion of the income will flow steadily to the beneficiary or that the portion of income flowing out to the beneficiary can be ascertained. We have found as a fact in this case that the trust instrument did not require the trustees to make any distributions to any of the beneficiaries prior to the termination of the trust. Petitioners assert on brief that it was their intention to give the beneficiaries the present use of the trust's income. Neither the trust instrument nor the testimony of the petitioners at trial, however, indicates that they intended to give the beneficiaries a present right to receive income from the trust. Petitioners, nevertheless, argue that because income beneficiaries of the trust were named as its trustees, the beneficiaries were in actual control of the trust income. But this argument ignores the fact that unanimous consent by the trustees was required prior to making distributions of the trust income. The requirement of unanimous consent prevents us from finding that any of the beneficiaries had a present interest *321 because it cannot be assumed that all three daughters would decide to distribute income to a beneficiary at any particular time or in any ascertainable amount. A requirement of unanimous consent by beneficiaries of a trust prior to income distributions has previously been held to constitute a "substantial barrier to the donees' present enjoyment" of the income of the trust. Blasdel v. Commissioner,58 T.C. 1014, 1018-1019 (1972), affd. per curiam 478 F.2d 226 (5th Cir. 1973). In Blasdel, the trustees were required to make periodic distributions of income if such distributions were unanimously approved by the beneficiaries. We held that the requirement of unanimous approval by the beneficiaries prior to distributions was fatal to a finding that the beneficiaries had received present interests in the come of the trust. Blasdel v. Commissioner,supra at 1018. We find the requirement of unanimous approval by the beneficiary/trustees to be similarly fatal in this case. In addition, the fact that the trust actually distributed most of *322 its income on an annual basis does not affect the status of the beneficiaries' interests. For a donee to have a present interest in gifted property, "he must have the right presently to use, possess or enjoy the property." Fondren v. Commissioner,324 U.S. 18, 20 (1945) (emphasis added). Petitioners have failed to show that any of the beneficiaries of the Ritland trust have such a right. The cases cited by petitioners in support of their position are distinguishable because in each of them the trust instrument required the distribution to the beneficiaries of the net income of the trust at least annually. See Munger v. United States,154 F. Supp. 417 (M.D. Ala. 1957); Martinez v. Commissioner,67 T.C. 60 (1976); Quatman v. Commissioner,54 T.C. 339 (1970); Brown v. Commissioner,30 T.C. 831 (1958); Swetland v. Commissioner,T.C. Memo. 1978-47. Accordingly, we hold that the annual exclusions from petitioners' taxable gifts were properly disallowed in full by respondent for *323 the calendar quarter ended December 31, 1979, and reduced to $4,500, for each petitioner, for the calendar quarter ended March 31, 1980, because the gifts made in trust by petitioners were gifts of future interests within the meaning of section 2503(b). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Paragraph II. A. of the trust agreement provided, in part, as follows: [T]he Trustees shall hold, administer and distribute the trust property for the sole benefit of the primary and secondary beneficiaries thereof. The principal and income of each said trust may be expended by the Trustees in their sole discretion to or for the benefit of the beneficiaries until they have the trust funds distributed as set out herein. [Emphasis added.] Paragraph IV. A. of the trust agreement provided, in part, as follows: A. Notwithstanding any provision of this instrument, the Trustees may not do any of the following without unanimous approval of all Trustees: * * * 3) Distribute any income or corpus of the trust. ↩
2. Paragraph VI of the trust agreement provided, in part, as follows: If the Trustees believe that the interest of a beneficiary is threatened to be diverted from the purpose for which it was created, the Trustees shall withhold any income and principal which they are authorized to distribute to the beneficiary and shall apply it in such manner as they consider advisable for the care, comfort, maintenance, education or general welfare of the primary beneficiary, her spouse, or issue or other family member. Such distributions to the primary beneficiary or family member may be resumed when the Trustees consider the diversion is no longer effective or threatened. ↩
3. Paragraph IV. C. of the trust agreement provided as follows: C. The Trustees in their sole discretion may return income from the trust to the Grantors if they deem it desirable in their sole discretion. ↩
4. Paragraph II. C. of the trust agreement provided, in part, as follows: C. If a primary beneficiary dies during the original or extended term of her trust, the principal and income remaining in her trust at her death shall be distributed: 1) To her appointee or appointees, including her estate, in trust, or otherwise, as she shall appoint by her will be [sic] specific reference to this power; * * *↩
5. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the periods in issue. ↩
6. Sec. 2503(b) provided: (b) EXCLUSIONS FROM GIFTS. -- In computing taxable gifts for the calendar quarter, in the case of gifts (other than gifts of future interests in property)↩ made to any person by the donor during the calendar year 1971 and subsequent calendar years, $3,000 of such gifts to such person less the aggregate of the amounts of such gifts to such person during all preceding calendar quarters of the calendar year shall not, for purposes of subsection (a), be included in the total amount of gifts made during such quarter. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person. [Emphasis added.] 7. In the case of gifts made in trust, the beneficiary, not the trust or trustee, is the "person" to whom the statute refers. Helvering v. Hutchings,312 U.S. 393, 396↩ (1941).